## Morgan, et al. v. Williams.

(Decided February 22, 1918.)

### Appeal from Mercer Circuit Court.

1. Gifts—Gifts -Inter Vivos—Evidence—Sufficiency.—In an action to recover an automobile on the ground that it was given or sold to plaintiff, evidence examined and held sufficient to sustain a finding of a gift inter vivos.

2. Witnesses—Transaction With Person Then Dead—Prejudicial Error.—In an action to recover an automobile on the ground that it was given or sold to plaintiff by a person then dead, evidence by plaintiff of the length of time and circumstances under which she lived with the donor or vendor was not prejudicial in view of the fact that substantially the same evidence was given by plaintiff's sister and there was no attempt on the part of the defendants to show the contrary.

3. Sales—Evidence—Sufficiency—Instructions.—Where in an action to recover an automobile as a gift or sale from the donor or vendor, there was evidence tending to show that the vendor bought the machine for plaintiff in consideration of plaintiff's agreement to live with her and plaintiff complied with the agreement, there was a consideration for the transfer of the property and the defendants were not prejudiced by an instruction submitting the issue of sale to the jury.

4. Damages—Detention of Personal Property—Measure of Damages—Prejudicial Error.—In an action for the recovery of an automobile and damages for its detention, an instruction fixing the measure of damages as "the loss of the use of said car by the withholding of same from her possession," though not technically correct, was not prejudicial error in view of a finding of damages in the sum of only $15.00.

5. Evidence—Declarations of Person in Possession of Personal Property—Admissibility.—The declarations of a person in the possession

of personal property are admissible for the purpose of showing the character of the possession and to prove title or ownership even though such declarations are self serving.

6. Detinue—Verdict and Judgment—Sufficiency—Prejudicial Error.— Where in an action under sections 330 and 388 of the Civil Code for the possession of personal property, the property was in the possession of plaintiff and she was adjudged the owner thereof and entitled to its possession, the failure of the court to require the jury to assess the value of the property was not prejudicial error since defendants could not insist on plaintiffs surrendering the property and receiving from them its value.

J. W. GAINES and C. E. RANKIN for appellants.

E. H. GAITHER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Bess D. Williams, brought this suit against J. R. Holman and W. B. Morgan to recover possession of a Buick automobile and $100.00 for its detention. The jury found in favor of plaintiff and awarded her damages in the sum of $15.00. The defendants appeal.

When very young plaintiff was taken into the home of E. W. Lyen and reared and educated by him and his wife, Mrs. Sue Lyen. Upon his death, Mr. Lyen devised all his property to his wife. Plaintiff continued to live with Mrs. Lyen until the year 1914, when she married James P. Williams, and moved to the home of her husband's parents. There she remained until May, 1915, when she and her husband moved to the home of Mrs. Lyen and continued to live there until Mrs. Lyen's death. Mrs. Lyen died in the month of November, 1916, without children. By her will she gave to plaintiff $2,000.00 in money and other personal property. The remainder of her property she gave to her nieces and nephews. After Mrs. Lyen's death, defendants qualified as her administrators with the will annexed. The administrators took possession of the automobile and appraised it with the other property.

It is plaintiff's contention that Mrs. Lyen either gave her the automobile or sold it to her in consideration of plaintiff's agreement to live with her. Her evidence is in brief as follows: Miss Devine, a sister of plaintiff, testified that Mrs. Lyen told plaintiff that if she would come back and live with her she would give

her an automobile. On asking Mrs. Lyen how she happened not to buy a Ford, she said, "Bessie wouldn't have a Ford." The car was kept in a garage in Mrs. Lyen's yard. Plaintiff drove and used the machine whenever she desired without asking permission of anybody. While in the possession of the machine she frequently remarked that the car belonged to her. Andy Devine testified that he suggested to Mrs. Lyen the propriety of getting a Ford, but Mrs. Lyen said that Bessie wouldn't have a Ford. Mrs. Bettie Miller testified that Mrs. Lyen told her that she was going to buy an automobile and give it to Bessie to get her to come and live with her. Dr. J. B. Robards testified that on one occasion Mrs. Lyen said that she would never buy a machine. Subsequently she came to see him in regard to a Buick. He said: "I thought you were the lady who wouldn't have one." Mrs. Lyen replied, "I am not buying it for myself; I am buying it for Bess." Mrs. Withers testified that Mrs. Lyen told her that she was going to buy a machine for Bess to get her to come home and live with her. Mrs. Brummett testified that she jokingly said to Mrs. Lyen, "I believe I will come and live with you. Maybe you might buy a machine for me too." Mrs. Lyen said, "No, I couldn't afford to buy one for you and Bessie too." Witness further stated that she heard plaintiff say that the machine was hers in the presence of Mrs. Lyen and Mrs. Lyen never contradicted the statement. W. G. Worley testified that Mrs. Lyen told him that she had bought the car for Bess. At that time she had already bought the car. Oscar Savage testified that Mrs. Lyen while making inquiries regarding a Buick car, told him she wanted to buy one and give it to Bessie. He also testified that he saw plaintiff driving the car nearly every day. C. D. Thompson testified that Mrs. Lyen told him that she had bought the car for Bess. John I. Vanarsdall testified that the next day after Mrs. Lyen bought the machine, he remarked to her, "Miss Sue, I see you have bought a machine." She said, "Not mine, Bessie's." Mrs. McGee and E. R. Draffen testified to the fact that plaintiff while using the car stated that it was hers.

According to the evidence for defendants, Mrs. Lyen bought and paid for the machine and insured it in her own name. She also assessed it as her own prop-

erty and paid for all the gasoline, oil and repairs up to within a week of her death. A few weeks after the purchase of the machine, Mrs. Lyen made oath that she was the owner of the machine and registered it in her own name. The machine was kept in a garage owned by Mrs. Lyen and Mrs. Lyen not only claimed that the machine was hers, but shortly before her death authorized an agent to sell it because she intended to move away. After the death of Mrs. Lyen, plaintiff delivered the machine to defendants without protest.

It is argued that the evidence was insufficient to establish a gift *inter vivos* because it merely tended to show an intention to give instead of an absolute and unconditional transfer and delivery of the property. In this connection some stress is placed on the fact that the machine always remained in Mrs. Lyen's garage and the fact that plaintiff used and drove the machine was not sufficient under the circumstances to show a delivery. An examination of the evidence above referred to will show that Mrs. Lyen not only stated before she purchased the machine that she intended to buy it for plaintiff, but also stated after the purchase that she had bought it for plaintiff and that the machine was plaintiff's. Under these circumstances it was not essential to a valid delivery that plaintiff should build another garage or keep the machine somewhere else than on the donor's premises. To be effectual, delivery must be according to the nature and character of the thing given, and where the donee lives with the donor and the gift of the automobile as well as the right to use and control it without the permission of the donor is clearly shown, the mere fact that the donor keeps the machine in her garage or wishes to supplement her kindness by paying all expenses incident to the operation of the machine, can not be regarded as the retention of such dominion over the machine as to render the gift ineffectual. Viewing the evidence in the light of this rule, we conclude that it was not only sufficient to take the case to the jury but to sustain the verdict.

Complaint is also made of the fact that the trial court permitted plaintiff to testify to the time and circumstances under which she lived in the home of Mrs. Lyen, who was then dead. In reply to this contention it is sufficient to say that we do not regard the admission of this evidence as prejudicial in view of the fact that sub-

stantially the same evidence was given by plaintiff's sister, and there was no attempt on the part of defendants to show the contrary.

By its instructions the court submitted to the jury not only the question of gift, but also the question of sale, and the point is made that the evidence was not sufficient to show a sale. The difference between a gift and a sale is that the former is a transfer of property without consideration, while a sale is a transfer of property for a consideration. If, as the evidence tended to show, Mrs. Lyen bought the machine for plaintiff in consideration of plaintiff's agreement to live with her, there was a consideration for the transfer of the property and the court did not err in submitting the issue of sale.

The instruction on the measure of damages is as follows:

"If you find for the plaintiff you will find for her such damages as you believe she had sustained by the loss of the use of said car by the withholding of same from her possession, not to exceed the sum of $100.00, the amount claimed in the petition."

It is argued that the measure of damages should have been such sum as would fairly compensate plaintiff for the reasonable value of the use of the car during the time it was withheld from her possession. While an instruction in the latter form might have been more technically correct, we are of the opinion that the given instruction was not prejudicial in view of the fact that the jury fixed the damages for the detention of the machine at only $15.00.

Another error relied on is the admission of plaintiff's declarations of ownership made when Mrs. Lyen was not present. It appears, however, that these declarations were all made while plaintiff was in the possession of the machine and it is universally held that the declarations of a person in the possession of personal property are admissible for the purpose of showing the character of his possession and to prove title or ownership even though such declarations are self-serving. R. C. L. P. 490; Commonwealth, Etc. v. Fletcher, 69 Ky. 172; Eureka Insurance Co. v. Robinson, 56 Penn. St. 256, 94 Am. Dec. 66.

Lastly, it is insisted that the court erred in failing to require the jury to assess the value of the machine in

accordance with section 330 of the Civil Code providing that: "In actions for the recovery of specific personal property, the jury must assess its value, and the damages for the taking or detention of it, if their verdict authorize a judgment for the recovery or return of the property." This section, however, must be construed in connection with section 388 of the Civil Code, which provides: "In an action for the possession of specific personal property, the plaintiff may have judgment for its' delivery, if it can be had; and, if not, for its value and for damages for its detention. If the property have been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for the return of the property, or its value if a return can not be had, and damages for the taking and withholding of the property." In other words it is only where a return of the property can not be had that its value becomes material. Here the machine had been delivered to plaintiff. The judgment merely declared that she was the owner of the machine and entitled to its possession. Since the property was not only forthcoming, but in the actual possession of plaintiff, defendants could not insist on plaintiff's surrendering the property and receiving from them its value. That being true, the failure of the court to require the jury to assess the value of the property was not prejudicial error.

Judgment affirmed.