## HUSBANDS et al. v. FORE.
### No. 3846.

Court of Civil Appeals of Texas.   Texarkana.
April 22, 1930.

Rehearing Denied May 1, 1930.

Clark, Harrell & Clark, of Greenville, for appellants.

B. M. McMahan, of Greenville, A. P. Dohoney, of Paris, and J. K. Brim, of Sulphur Springs, for appellee.

WILLSON, C. J. (after stating the case as above).

■ While Mrs. Fore was testifying as a witness in her own behalf, her counsel proposed to prove by her that she had possession of the notes in controversy before her husband died. Appellants objected to the proposed testimony, on the ground that to admit it as evidence would be in contravention of article 3716, R. S. 1925, providing that, "in actions by or against executors * * * in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator * * * unless called to testify thereto by the opposite party." The court sustained the objection and excluded the proposed testimony, but, over appellants' objection on the same ground, permitted Mrs. Fore to testify. that appellant Brown, one of the executors, demanded the notes of her and that she "never gave them to him," and then to testify in reply to a question by her counsel as follows: "Did you give Mr. Brown any reason for refusing to give him the note?" that "I told him they were mine." The contention urged here is that the court erred when he refused to sustain the objection to the question set out above and when he refused to strike out the answer of the witness on the ground it was hearsay, self-serving, and her conclusion merely. Many authorities are cited by appellants to show that, when the title to personal property is involved, a witness cannot testify that he is the owner thereof. It will be noted that the question propounded to Mrs. Fore was not as to whether she owned the notes, and that her answer was not that she owned them, but was that she told appellant Brown she owned them, in response to his demand that she

deliver them to him and as a reason why she refused to do so. "It is universally held," said the Kentucky Court of Appeals in Morgan v. Williams, 179 Ky. 428, 200 S. W. 650, 652, "that the declarations of a person in the possession of personal property are admissible for the purpose of showing the character of his possession and to prove title or ownership, even though such declarations are self-serving." The rule stated would have permitted Brown to testify to the claim asserted by Mrs. Fore, and we see no good reason why she should not have been permitted to· testify she made it. It may be conceded that Mrs. Fore should not have been allowed to testify that she owned the notes, but certainly she was. entitled to testify that she claimed to own them.

■■ Complaint is made because the court, over appellants' objection thereto on the ground that it was "immaterial, irrelevant and prejudicial," permitted Mrs. Fore to testify as a witness that appellants never brought suit against her for the notes, and because the court, having permitted such testimony, excluded as evidence, on the ground that same was self-serving and irrelevant, an inventory prepared and filed by the executors, when offered for the purpose of showing that the notes were listed as assets of Fore's estate. It appearing in the evidence, as we construe it, that Mrs. Fore had possession of the notes at the time she testified appellant Brown demanded same of her, and, it appearing that the demand was refused, we think the fact that no suit for the notes had been brought against Mrs. Fore by the executors was a circumstance relevant to her claim of ownership of the notes, and that the court therefore did not err when he admitted the evidence complained of. So far as the complaint based on the refusal of the court to admit the inventory referred to as evidence is concerned, we think it is sufficient to say it does not appear from the bill of exceptions that the notes were listed in the inventory.

In closing the argument to the jury, Mr. McMahan, one of Mrs. Fore's counsel, referring to the fact that Virgil Husbands, the maker of the notes in question, had not testified as a witness in the case, stated: "That the defendants (appellants) could put Virgil Husbands on the stand, but that the plaintiff (Mrs. Fore) could not. That he, McMahan, was one lawyer that believed in throwing on the light, and that he would like to hear what Husbands would say, and if he could do so he would put Husbands on the stand and let him tell what he knows." Appellants requested the court to instruct the jury not to consider the argument, and complain here because the request was refused. The bill of exceptions evidencing the ruling was qualified by the trial court as follows:

"In opening the argument to the jury for plaintiff, A. P. Dohoney, one of her attor-

neys, stated: 'You, gentlemen, are probably wondering why it is we have not offered some direct evidence as to the transaction alleged by Mrs. Fore in her petition. For your information I will say that the law as construed by the Supreme Court in this case prohibits both Mrs. Fore and Mr. Husbands from testifying as to anything that F. M. Fore, deceased, did or said in connection with the transaction.' M. B. Harrell, one of the defendants' attorneys, during his argument to the jury, made the following statement in substance: 'Judge Dohoney has told you that Mrs. Fore and Mr. Husbands were not permitted to testify about the transaction now in controversy, leaving the inference that if they had been permitted to do so they would testify that Mr. Fore gave those notes to Mrs. Fore. The law does not permit the executors and legatees and beneficiaries to testify, and I could make the argument that they could not testify in the hope that it would leave the impression on your minds that if they had been permitted to testify they would have sworn that Mr. Fore told them he had not given the notes to Mrs. Fore.' There was no exception or objection to either of these statements by the attorneys on either side."

Had the requested instruction been to also disregard the statement made by Mr. Harrell, we think it should have been given to the jury (Brackenridge v. Roberts, 114 Tex. 418, 267 S. W. 244, 270 S. W. 1001; Laird v. Laird, 127 Mich. 24, 86 N. W. 436; Gornetzky v. Gornetzky, 174 Mich. 492, 137 N. W. 706), but we do not think the refusal of the court to give it as formulated by appellants should be treated as error requiring a reversal of the judgment. In the light of Mr. Harrell's statement, it is not likely that rights of appellants were prejudiced by Mr. McMahan's.

The second paragraph of the court's charge to the jury was as follows:

"If you believe from the evidence that during his lifetime F. M. Fore gave the vendor's lien notes in controversy to his wife, Etta Fore, with the intention of vesting in her the title to said notes, or claims for purchase-money of the two tracts of land conveyed by him to Virgil Husbands, and the right to collect and receive said money, you will find for plaintiffs."

Appellants objected to the last part of the instruction, beginning with the words "or claims for purchase-money," on the ground that it was not warranted by the evidence, and requested the court to charge the jury "that (quoting) there is no evidence in this case to show that the claim for the purchase-money of the two tracts of land conveyed by Fore to Husbands was transferred or given to Mrs. Fore, the only evidence before you being that he gave her the unsigned vendor's lien notes described in plaintiff's petition." The contention that the court erred when he refused to sustain the objection to said paragraph of the charge and when he refused to instruct the jury as requested is overruled. It appears in the record that it was agreed by the parties at the trial "that there was (quoting) no controversy in this case except the ownership of the debt." The debt referred to was that of Husbands to Fore for land purchased by the former of the latter.

Appellants objected to the court's charge "because (quoting) it failed to define the word 'gift' and failed to tell the jury that delivery is essential to constitute a completed gift of personal property," and complain here because the court overruled their objection. The contention is overruled on the authority of the holding of the Commission of Appeals on the former appeal of the case that "the rights (quoting) with which F. M. Fore was invested and which constituted the subject-matter of the alleged gift, had no corporeal existence, and therefore a delivery of possession to the donee was not requisite to the consummation of a valid gift of those rights by the donor." On the same authority the contention that the verdict of the jury and judgment of the court were without support in the evidence is overruled. Testimony adduced at the last trial was not materially different from nor of less probative effect than that held on the former appeal to be sufficient to support a judgment in Mrs. Fore's favor.

The judgment is affirmed.