## PEOPLE *v.* CLARKE.

1. WITNESSES—HUSBAND AND WIFE—AMENDMENT OF STATUTE BARRING TESTIMONY.

   Amendment of statute barring testimony of a spouse without the consent of the other spouse so as to add an exception where a spouse is defendant in a prosecution for a crime committed against the children of either or both did not change the law applicable to a case where the child involved does not belong to either or both of the parties (CL 1948, § 617.67).

2. CRIMINAL LAW—INDECENT LIBERTIES—CHILD OF OTHER PERSONS—TESTIMONY OF WIFE.

   It was reversible error for prosecutor to call wife as witness in prosecution of her husband for taking indecent liberties with 11-year-old girl who had lived with defendant since shortly after birth and to compel defendant to object to the violation of the statute barring testimony of a spouse without the consent of the other spouse, where the relation of the child to the parties was known to the prosecutor and the trial judge (CL 1948, § 617.67).

3. WITNESSES—HUSBAND AND WIFE—CRIMES WITHIN FAMILY UNIT.

   The statute barring testimony by a spouse for or against the other spouse without such other spouse's consent was designed to protect communications between husband and wife during marriage except to permit prosecution for crimes committed within the family unit (CL 1948, § 617.67).

Appeal from St. Clair; Streeter (Halford I.), J. Submitted October 19, 1961. (Docket No. 102, Calendar No. 49,298.)   Decided March 19, 1962.

John Clarke was convicted of taking indecent liberties with minor child. Reversed and complaint dismissed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  58 Am Jur, Witnesses § 191 *et seq.*
[2]  58 Am Jur, Witnesses § 199.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, and *Richard J. Schonk,* Prosecuting Attorney, for the people.

*Norman P. Silverstein,* for defendant.

Kavanagh, J. Defendant was convicted by a jury in the circuit court for the county of St. Clair on September 2, 1959, of taking indecent liberties with a minor child. The child involved was an 11-year-old girl who had lived with defendant and his wife since shortly after birth. The complaint upon which the warrant for defendant's arrest was issued was signed by his wife.

At the trial the wife admitted she was not the mother of the child. She testified she did not know if her husband had legally adopted the child and that "he (the defendant) is supposed to be the father of it (the child)." Defendant denied he was the father of the child. The only other evidence offered to establish that the defendant was the child's father was the testimony of 2 police officers, who testified defendant advised them the child was his. Defendant admitted he had made the statement on several occasions that "the child is mine" to prevent legal trouble.

Following the conviction, defendant made a motion to set aside his conviction and for his discharge. The reasons given for the motion were:

1. The complaint on which the warrant was based was signed by defendant's wife, Vera Murial Clarke, contrary to the statute, CL 1948, § 617.67 (Stat Ann 1959 Cum Supp § 27.916).* The alleged crime was not against the wife nor a personal wrong to her nor

---

* CL 1948, § 617.67 (Stat Ann 1959 Cum Supp § 27.916), reads in part as follows:

"A husband shall not be examined as a witness for or against his wife without her consent; nor a wife for or against her husband with-

was it a crime against the child of either or both of the parties.

2. The defendant's wife was not only permitted to be called as a witness and examined, but also to testify against defendant without his consent, contrary to the same statute.

3. The child, whose legal name is Margaret Loretta Miraldi Hill, is the daughter of defendant's wife's sister. She is the natural offspring of one George Randolph Hill and Bernice M. Miraldi Hill, lawfully married persons, as shown by the child's certificate of birth. (Attached to the motion was a certified copy of the child's birth record from the Michigan department of health.)

4. The court erred in permitting testimony accusing defendant of being the father of the child when said child was born of 2 other persons who were lawfully and legally married to each other at the time of said birth.

The answer of the prosecuting attorney to defendant's motion merely stated that defendant and his wife had raised the minor child from infancy and that it was an accepted fact in their community of residence that they raised the child as their own; that defendant and his wife permitted the child to be known by the name of "Clarke"; and that no objection was made during the trial with reference to the wife's testimony in this matter.

The court entered an order denying the motion without opinion.

Defendant appeals raising these questions:

1. Can a wife sign a complaint and testify against her husband at the trial, without his consent, in prosecution for a crime committed against a child

---

out his consent, except in suits for divorce and in cases of prosecution for bigamy, *in cases of prosecution for a crime committed against the children of either or both,* and where the cause of action grows out of a personal wrong or injury done by one to the other." (The italicized portion indicates the language added by the 1939 amendment.)

which was not a child of either or both of the parties?

2. Was testimony that defendant could be the father of said child improper, prejudicial, irrelevant, and wholly extraneous, inasmuch as said child was born during the lawful wedlock of 2 other people?

3. Should the court consider manifest and serious errors, although objections to same were not properly and timely presented to the court below?

The prosecutor raised a counterstatement of defendant's first question, formulating it as follows:

"Can a wife sign a complaint and testify against her husband at the trial, without his consent, in prosecution for a crime committed against a child, if the question of the paternity of said child is in issue and defendant husband does not object to wife's testimony?"

There can be no question that the trial judge was fully informed with respect to the fact the child was not a child of either or both of the parties. The testimony of defendant and his wife clearly indicates defendant was not the father of the child.

This Court in numerous cases construing the statute before the 1939 amendment which added the language "in cases of prosecution for a crime committed against the children of either or both" has held that a wife cannot sign the complaint nor testify against the husband without his consent. *People* v. *Westbrook,* 94 Mich 629; *People* v. *Trine,* 164 Mich 1; *People* v. *Werner,* 225 Mich 18.

It is apparent that when the legislature amended the statute in 1939, it did so for the express purpose of permitting either spouse to sign a complaint and to render testimony against the other without his or her consent only where the action involves one or the other or a child of either or both of the parties. It is equally clear the legislature did not

intend to change the law applicable to a case where the child involved does not belong to either or both of the parties.

It is clear that a duty devolved upon the prosecutor, and particularly upon the trial judge, on discovery that the child was not a child of either or both of the parties, to have the complaint dismissed. The only question that could arise would be whether the defendant would be required to object to the testimony of the wife at the time it was offered. This Court under similar circumstances in *People* v. *Trine, supra,* said (p 7):

> "The statute prohibits testimony by a wife against a husband without his consent. By calling defendant's wife, he was compelled to assert his nonconsent, which was thereby brought to the attention of the jury, who might naturally draw prejudicial inferences."

The Court then went on to rule that this was a position in which defendant could not be fairly placed.

In the later case of *People* v. *Werner, supra,* the Court in considering the statute said (p 22):

> "The calling of the husband was a violation of defendant's privilege. The exclusion of a husband from being a witness against his wife, in this kind of a case, stands as a complete bar, unless she consents, and it constitutes error to compel the defendant in the presence of the jury to assume the attitude of keeping out testimony, only admissible by virtue of her consent. * * * The statute excludes unless consent is given. This the prosecutor knew. He had no consent. Under the circumstances above stated it was reversible error to compel defendant, in order to preserve her right under the statute, to object to the violation of the statute and thereby be placed in the position of keeping testimony from the jury."

It is clear, then, the defendant in a criminal case should not be forced to state an objection at trial

in order to prevent the State from violating the statute.

In effect the error committed in permitting the wife to testify with reference to the relationship of the defendant and the child actually would have the effect, if true, of exposing the defendant as guilty of committing another distinct and independent crime—adultery—and at the same time raise a serious question in a collateral case with reference to the legitimacy of the child involved.

As a matter of public policy, it is clear the statute was designed to protect communications between husband and wife during marriage. The exception was designed to permit prosecution for crimes committed within the family unit. Such crimes normally would have no other witnesses and would go unpunished in the event the exception in the statute were not permitted to operate.

The action of the prosecuting officer in calling defendant's wife to the stand as a witness against her husband, without first getting the consent of defendant, was improper and may well have prejudiced his case. *People* v. *Trine,* 164 Mich 1, and other cases therein cited at page 6.

The conviction of defendant is set aside and the complaint and warrant dismissed.

DETHMERS, C. J., and CARR, KELLY, SOURIS, and OTIS M. SMITH, JJ., concurred.

BLACK, J., did not sit.

ADAMS, J., took no part in the decision of this case.