PEOPLE *v.* MILLER

1. RAPE—STATUTORY RAPE—TRIAL—WITNESSES—DURESS—MINORITY OF WITNESS—APPEAL AND ERROR.

> Defendant's claims that the prosecution exerted duress on defendant's wife to influence her to testify against him in prosecution for statutory rape and that it was improper to allow defendant's 10-year-old daughter (not the victim) to testify against him without consent of either of her parents will not be considered by the Court of Appeals where defendant raised no objection relating to these claims at his trial.

2. CRIMINAL LAW—APPEAL AND ERROR—FAILURE TO OBJECT AT TRIAL.

> The Court of Appeals may examine the record in a criminal case in a search for error reflecting clear injustice notwithstanding the fact that no objection was made at trial.

3. RAPE — STATUTORY RAPE — TRIAL — WITNESSES — DEFENDANT'S SPOUSE.

> Defendant's wife was a proper witness against him in a trial of defendant for the statutory rape of his daughter under statute which permits a witness to testify against her spouse in a prosecution for a crime committed against the child of either or both (CLS 1961, § 600.2162).

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 March 5, 1969, at Grand Rapids. (Docket No. 5,395.) Decided March 27, 1969.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Witnesses §§ 385–387.
[2] 5 Am Jur 2d, Criminal Law § 867.

Richard Lee Miller was convicted of statutory rape. Defendant appeals. Affirmed.

*Raymond W. Lynch,* for defendant.

BEFORE: Quinn, P. J., and Holbrook and T. M. Burns, JJ.

Per Curiam. Defendant was convicted by the court without a jury of the crime of statutory rape in violation of CLS 1961 § 750.520 (Stat Ann 1954 Rev § 28.788). The court sentenced defendant to a prison term of 5 to 15 years. Defendant appeals and asserts as error the claimed duress exerted on the mother of the victim, who testified at the trial. Defendant quotes a part of the testimony wherein the mother in reference to what took place prior to or at the preliminary examination testified as follows:

"He [Mr. Oole, assistant prosecuting attorney] told me that if I didn't testify that he was going to have all my kids taken away and everything."

Defendant also asserts error because neither parent consented to the 10-year-old daughter testifying. Defendant's daughter, age 13, was the victim.

No objections, motions or request to instruct were made by defendant in the trial court pertaining to the matters and evidence now claimed to be error for the first time. It is a general rule that any claimed error occurring in the trial court, to be saved for review on appeal, must be first presented to the trial court; evidence not objected to is presumed to have been lawfully admitted and objections not raised during trial and passed upon by the trial court are not to be heard by an appellate court for the first time. *People* v. *Counts* (1947), 318 Mich 45, and *People* v. *Bradley* (1966), 4 Mich App 660.

In *People* v. *Hicks* (1966), 2 Mich App 461, this Court held that we could examine the record in a criminal case, such as this, in a search for error reflecting clear injustice notwithstanding the fact that no objection was made at trial.

We rule that the mother was a competent and proper witness to be called by the prosecution under CLS 1961, § 600.2162 (Stat Ann 1962 Rev § 27A-.2162); *People* v. *Clarke* (1962), 366 Mich 209.

Although young children should not ordinarily be examined as witnesses to indecent matters, they are competent witnesses and there is no impropriety in asking them as to the social intimacy of the parties. *People* v. *White* (1884), 53 Mich 537.

We find no prejudicial error reflecting a clear injustice in this case.

Affirmed.