OAKLAND COUNTY *v.* SCHOENROCK

1. EMINENT DOMAIN—TRIAL—PROCEDURE—IMPROPER ARGUMENT.

A litigant in a condemnation case is not permitted to challenge his opponent in the presence of the trier of fact, the commissioners, to waive a legal right; a litigant may not challenge his opponent to submit the case without argument and without the court's instructing the commissioners (Const 1963, art 10, § 2).

2. EMINENT DOMAIN—TRIAL—PROCEDURE—IMPROPER ARGUMENT.

A condemnation award was ordered set aside if, on remand, it is determined that (1) defendants' attorney was challenged in the presence of the commissioners to waive argument and instructions to the commissioners and (2) the defendants' attorney's consent to the waivers was influenced by the concern that if he did not agree he might antagonize the commissioners, who were anxious to conclude the proceedings (Const 1963, art 10, § 2).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 October 7, 1970, at Lansing. (Docket No. 8139.)  Decided May 5, 1971.

Complaint by Oakland County against George B. Schoenrock and Mary V. Schoenrock for condemnation of lands for public purposes. Judgment for plaintiff. Defendants appeal. Remanded.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 27 Am Jur 2d, Eminent Domain §§ 416, 417.

*Robert P. Allen,* Corporation Counsel, and *Hayward Whitlock, Armand P. Deatrick,* and *John L. Grubba,* Assistants Corporation Counsel, for plaintiff.

*Russell A. Buyers,* for defendants.

Before: Levin, P. J., and T. M. Burns and J. E. Hughes,* JJ.

Levin, P. J. The County of Oakland commenced this action pursuant to MCLA § 123.771 *et seq.* (Stat Ann 1961 Rev § 5.570[41], *et seq.*) to condemn real estate owned by the defendants, George B. Schoenrock and Mary V. Schoenrock, his wife.

Three commissioners were appointed by the circuit judge to determine the issues of necessity and compensation. They heard the testimony, viewed the premises, and found that there was necessity for the taking and that the compensation to be paid was $81,000.

The Schoenrocks objected to confirmation of the award on the ground that they had been deprived of a fair hearing when their attorney was challenged by opposing counsel in the presence of the commissioners, who were anxious to conclude the proceeding, to waive argument and instructions by the court.[1] At the hearing on the objections to confirmation, the judge said that he had been advised that both lawyers had waived argument and instructions. The Schoenrock's lawyer responded:

"Your Honor, as counsel will agree with me, we had commissioners very reluctant to sit. In fact, one of them speaking with both Mr. Whitlock and I threat-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The Schoenrocks had, theretofore, filed their requests to charge.

ened to quit. He didn't want to come back any more. And therefore, when I was approached in front of the commissioners and the onus was put on me whether or not I'm going to bring these commissioners back, not knowing whether I'm going to offend them by forcing them to come back, I did agree to this.

*"The Court:* The fact is you did agree to it. We can't now use it as a basis to overturn the verdict."

We find ourselves in disagreement with the view expressed by the judge.

Under the new Constitution (Const 1963, art 10, § 2), "compensation shall be determined in proceedings in a court of record". After the adoption of the new Constitution, the Supreme Court, in an effort to harmonize the procedures established in legislation adopted under the 1908 Constitution with the 1963 Constitution's court of record requirement, adopted GCR 1963, 516.5, providing, as amended:

"Judges of courts of record in which condemnation proceedings have been instituted shall preside over the proceedings in person and shall instruct the jury or commissioners on questions of law and admissibility of evidence."

We have, in cases decided after the promulgation of this court rule, observed:

"The 'court of record' provision in the 1963 Constitution requires that proceedings for the determination of compensation follow a course appropriate for proceedings in a court of record."[2] *Chamberlin* v. *Detroit Edison Company* (1968), 14 Mich App 565, 568.

---

[2] See, *e.g.,* the post-1963 Constitution, Highway Condemnation Act, PA 1966, No 295, and particularly MCLA § 213.377 (Stat Ann 1970 Cum Supp § 8.261[17]); also, Third Annual Report, 1968, Michigan Law Revision Commission, page 11, *et seq.*

"The court in condemnation cases should follow all the rules pertaining to civil trials, except as otherwise provided by specific statute. After the commissioners filed their first report, the trial judge permitted the attorneys to question the commissioners as to the factors that they relied upon in determining just compensation and also to question them as to specific determinations of fact. We know of no precedent under the present law for such a procedure, nor have we been cited any authority by counsel. This procedure is objectionable, not authorized by law and was error." *Consumers Power Company* v. *Allegan State Bank* (1969), 20 Mich App 720, 728.

It is not permissible for a litigant to challenge his opponent in the presence of the trier of fact to waive a legal right; in this case, to submit the case without argument and without the court instructing the trier of fact.[3]

It appears that in this case, tried in September, 1969, the Schoenrocks' lawyer was challenged to waive argument and instructions by the court during an informal confrontation between the trier of fact (the commissioners) and counsel for the parties, which occurred outside the presence of the court. We are impressed that practices prevalent before the adoption of the 1963 Constitution, and at which the court of record requirement was directed, have not been eliminated in conformity with the new constitutional requirement, and that in this case, as the Schoenrocks contend, compensation may have been determined in a manner inappropriate for a court of record.

---

[3] 53 Am Jur, Trials, § 459, pp 361, 362; *Lancaster* v. *State* (1918), 82 Tex Crim 473 (200 SW 167, 3 ALR 1533); *cf. McDuff* v. *Detroit Evening Journal Co.* (1890), 84 Mich 1, 11; *Thompson* v. *The Toledo, A.A. & N. M. R. Co.* (1892), 91 Mich 255, 261, 262; *People* v. *Clarke* (1962), 366 Mich 209, 213, 214; *Laird* v. *Laird's Estate* (1901), 127 Mich 24, 27, 28; *People* v. *Timmons* (1942), 300 Mich 653, 661.

Accordingly, we remand for a determination by the trial court whether the Schoenrocks' lawyer was challenged in the presence of the trier of fact to waive argument and instructions by the court and whether their lawyer's consent was influenced by concern that if he did not agree he might antagonize the trier of fact.[4]

If the judge finds that the Schoenrocks' lawyer was so influenced and his consent was so obtained, the order confirming the award shall be set aside and the disputed issues shall be submitted to three different commissioners in accordance with the court rule and the constitutional provision.

Remanded. Costs to abide the event. We do not retain jurisdiction.

---

[4] *Cf. People* v. *Eglar* (1969), 19 Mich App 563, 566; *People* v. *Harvey* (1968), 13 Mich App 211.