PEOPLE v HAMACHER

Docket No. 80765. Submitted December 11, 1985, at Lansing.—Decided April 9, 1986. Leave to appeal applied for.

Richard A. Hamacher was convicted of second-degree criminal sexual conduct, Genesee Circuit Court, Donald R. Freeman, J. The victim of the sexual abuse was defendant's wife's eight-year-old daughter from a previous marriage. Defendant's wife testified that she confronted the defendant after her daughter told her about the incident which gave rise to the instant charges and defendant replied that he had made sexual advances towards the girl because she was willing to cuddle with him at a time when the mother refused to do so. Defendant's wife also testified that she told defendant's sister that he had admitted the act. Defendant appealed, alleging claims that this testimony concerned marital communications and that it should have been excluded. *Held:*

1. The statute providing that a spouse may not be examined, during or after the marriage, as to any communications made by one to the other during the marriage should not apply where no injury to the marital relationship would result and strict adherence to the rule would promote neither protection of the family members nor public justice. The testimony was properly admitted.

2. The length of defendant's sentence did not evidence an abuse of discretion or shock the conscience of the Court of Appeals.

Affirmed.

D. E. HOLBROOK, JR., P.J., concurred in the result only

CRIMINAL LAW — EVIDENCE — MARITAL COMMUNICATIONS.

The statute providing that a spouse may not be examined, during or after the marriage, as to any communications made by one to the other during the marriage should not apply where no injury to the marital relationship would result and strict

REFERENCES
Am Jur 2d, Witnesses §§ 148-171.
See the annotations in the ALR3d/4th Quick Index under Criminal Law; Marriage.

adherence to the rule would promote neither protection of the family members nor public justice (MCL 600.2162; MSA 27A.2162).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Bennett S. Engelman,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and HOOD, JJ.

PER CURIAM. Defendant was convicted following a jury trial of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3). He was sentenced to prison for a term of incarceration of not less than 10 nor more than 15 years. Defendant appeals as of right.

The victim of the sexual abuse was defendant's wife's eight-year-old daughter from a previous marriage. Defendant's wife testified that she confronted the defendant after her daughter told her about the incident which gave rise to the instant charges. Defendant replied that he had made sexual advances towards the girl because she was willing to cuddle with him at a time when the mother refused to do so. This testimony was repeated. Defendant's wife also testified that she told defendant's sister that he admitted the act.

On appeal, defendant claims that this testimony concerned marital communications and that it should have been excluded at trial pursuant to MCL 600.2162; MSA 27A.2162. We disagree.

In Michigan, the two common-law husband-wife privileges are codified in MCL 600.2162; MSA 27A.2162, which provides in pertinent part:

"A husband shall not be examined as a witness for or against his wife without her consent; nor a wife for or against her husband without his consent, except * * * in cases of prosecution for a crime committed against the child of either or both * * *; nor shall either, during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during the marriage * * *." MCL 600.2162; MSA 27A.2162.

This statutory language codifies the common-law "spousal privilege" and the "confidential communication privilege". The "spousal privilege" applies to any testimony of a spouse without the consent of the other so long as the parties continue to be legally married at the time of the suit. It is, however, subject to those exceptions enumerated in the statute. On the other hand, the confidential communication privilege applies to confidential communications made within the marital relationship irrespective of the marital status of the parties at the time of the trial. *People v Wadkins,* 101 Mich App 272, 282; 300 NW2d 542 (1980).

The trial court admitted defendant's wife's testimony concerning defendant's communications to her based upon the exception in the statute for criminal prosecutions for crimes committed against the children of either spouse. The trial court's decision was based upon *People v Clarke,* 366 Mich 209, 214; 114 NW2d 338 (1962), wherein the Supreme Court stated:

"As a matter of public policy, it is clear the statute was designed to protect communications between husband and wife during marriage. The exception was designed to permit prosecution for crimes committed within the family unit. Such crimes normally would have no other witnesses and would go unpunished in the event the exception in the statute were not permitted to operate."

We note that the language relied upon by the trial court is dicta and we question whether this exception is applicable to the marital communications privilege. Nevertheless, we hold that the testimony was properly admitted.

In *People v Salisbury,* 218 Mich 529, 532-533; 188 NW 340 (1922), our Supreme Court explained the purpose of this privilege:

"The exclusion of such communications when made in confidence between persons occupying the intimate relation of husband and wife is predicated on the necessity of fostering such relation and the greater injury likely to result from permitting their disclosure than the benefit to be gained thereby. Confidence and secrecy are presumed to have been intended in such marital communications and the statute absolutely prohibits their divulgence by either of the parties as witnesses 'without the consent of both.'"

At common law, "[t]he rule of necessity * * * created exceptions to the general rule making husband and wife incompetent witnesses in cases involving the other, such exceptions being partly for the protection of the wife in her life and liberty, and partly for the sake of public justice". *People v Zabijak,* 285 Mich 164, 176; 280 NW2d 149 (1938).

The Supreme Court also recognized that:

"The privilege is in derogation of the general rule that all persons may be compelled to testify concerning facts inquired about in courts of justice. It should be made effective, but ought not to be extended by the courts to cases where there has been no injury to the relation of the parties by the betrayal of the confidence reposed." *People v Zabijak, supra,* p 177.

We note that in *People v Salisbury, supra,* the prosecutor sought to introduce on cross-examina-

tion of the defendant evidence of a statement that the defendant made to his wife wherein he admitted the act of sexual indecency upon his daughter. In that case, the Supreme Court found the admission of the statement to be in contravention of the husband-wife communication privilege as it was codified then and reversed the defendant's conviction.

We find the case herein distinguishable on two bases. First, unlike the statute controlling the case at bar, the privilege as codified in *Salisbury* did not provide for an exception to the spousal privilege for prosecutions concerning crimes against either spouse's children, this exception not being added until 1939. The dicta in *People v Clark, supra,* relied upon by the instant trial court, is persuasive of the Legislature's intent to make the exception applicable to the communications privilege. However, the dicta is not precedent, and we do not base our decision solely upon this distinction.

The second basis for distinguishing *Salisbury* is that, in the instant case, defendant and his wife were in the process of divorce at the time of trial. Thus, strict adherence to the rule would not further its purpose of fostering the marital relationship. Further, necessity requires relaxation of the rule where no injury would result to the marital relationship and strict adherence to the rule would promote neither protection of the family members nor public justice. Based upon this latter distinction, we conclude that the testimony was properly admitted.

Defendant next claims that his 10- to 15-year prison sentence exceeded that recommended by the sentencing guidelines and shocks the conscience of this Court. This claim is without merit.

The trial court explained that it departed from

the guidelines because of the high degree of callousness demonstrated by the defendant and the psychological harm that would inevitably be suffered by the child because of defendant's misconduct. This was not an abuse of discretion nor is the sentence shocking. See *People v Frank Johnson,* 146 Mich App 429; 381 NW2d 740 (1985); *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Affirmed.

D. E. HOLBROOK, JR., P.J., concurs in the result only.