PEOPLE v HAMACHER (ON REMAND)

Docket No. 99819. Submitted April 10, 1987, at Lansing. Decided June 15, 1987. Leave to appeal applied for.

Richard A. Hamacher was convicted following a jury trial in the Genesee Circuit Court of second-degree criminal sexual conduct. The trial court, Donald R. Freeman, J., sentenced defendant to from ten to fifteen years imprisonment. Defendant appealed and the Court of Appeals affirmed, finding that the trial court did not err in denying defendant's motion to preclude certain testimony by his wife. 150 Mich App 671 (1986). Defendant appealed to the Michigan Supreme Court, which vacated the Court of Appeals judgment and remanded to the Court of Appeals for reconsideration on the ground that the testimony was inadmissible as privileged confidential communication between spouses. 428 Mich 883 (1987).

The Court of Appeals, on remand, *held:*

The testimony concerned marital communications and should have been excluded at trial. A spouse may not divulge communications made to the other spouse during the marriage. The trial court erred in admitting the testimony. The error was not harmless.

Reversed.

1. HUSBAND AND WIFE — SPOUSAL PRIVILEGE.

The "spousal privilege" that provides that a husband shall not be examined as a witness for or against his wife without her consent, and vice versa, applies to any testimony of a spouse without the consent of the other as long as the parties continue to be legally married at the time of the suit; the privilege, however, is subject to certain statutorily enumerated exceptions, i.e., in cases of prosecution for a crime committed against the child of either or both (MCL 600.2162; MSA 27A.2162).

REFERENCES

Am Jur 2d, Witnesses §§ 111-115, 123, 124, 125 *et seq.*; 141, 148 *et seq.*

Competency of one spouse to testify in federal criminal prosecution of other. 3 L Ed 2d 1607.

Competency of one spouse to testify against other in prosecution for offense against child of both or either. 93 ALR3d 1018.

2. HUSBAND AND WIFE — CONFIDENTIAL COMMUNICATION PRIVILEGE.

   The "confidential communication privilege" that provides that neither a husband or wife, during the marriage or afterwards, without the consent of both, may be examined as to any communication made by one to the other during the marriage applies to confidential communications made within the marital relationship irrespective of the marital status of the parties at the time of trial (MCL 600.2162; MSA 27A.2162).

3. APPEAL — HUSBAND AND WIFE — CONFIDENTIAL COMMUNICATION PRIVILEGE.

   The erroneous admission of testimony by a defendant's wife in violation of the confidential communication privilege may be determined to be error requiring reversal where the trial for second-degree criminal sexual conduct involved a credibility contest between the victim and the defendant and the wife's testimony tended to improperly bolster the victim's credibility (MCL 600.2162; MSA 27A.2162).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

Richard A. Hamacher, in propria persona.

### ON REMAND

Before: D. E. HOLBROOK, JR., P.J., and R. M. MAHER and HOOD, JJ.

PER CURIAM. Defendant was convicted following a jury trial of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3). He was sentenced to from ten to fifteen years imprisonment and appealed as of right. We affirmed in a published, per curiam opinion, finding that the trial court did not err in denying defendant's motion to preclude certain testimony by his wife. *People v Hamacher,* 150 Mich App 671; 389 NW2d 477 (1986). Defendant appealed to the Supreme Court,

and that Court vacated our judgment and remanded to us for reconsideration on the ground that the testimony was inadmissible as privileged, confidential communication between spouses. 428 Mich 883 (1987).

The victim of the sexual abuse was defendant's wife's eight-year-old daughter from a previous marriage. Defendant's wife testified that she confronted defendant after her daughter told her about the incident which gave rise to the instant charges. Defendant replied that he had made sexual advances towards the girl because she was willing to cuddle with him at a time when the mother refused to do so. This testimony was repeated. Defendant's wife also testified that she told defendant's sister that he admitted the act.

On appeal, defendant claims that this testimony concerned marital communications and that it should have been excluded at trial pursuant to MCL 600.2162; MSA 27A.2162. We agree.

In Michigan, the two common-law husband-wife privileges are codified in MCL 600.2162; MSA 27A.2162, which provides:

> A husband shall not be examined as a witness for or against his wife without her consent; nor a wife for or against her husband without his consent, except . . . in cases of prosecution for a crime committed against the child of either or both . . . ; *nor shall either, during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during the marriage* . . . .

This statutory language codifies the common-law "spousal privilege" and the "confidential communication privilege." The spousal privilege applies to any testimony of a spouse without the consent of

the other so long as the parties continue to be legally married at the time of the suit. It is, however, subject to those exceptions enumerated in the statute. On the other hand, the confidential communication privilege applies to confidential communications made within the marital relationship irrespective of the marital status of the parties at the time of the trial. *People v Wadkins,* 101 Mich App 272, 282; 300 NW2d 542 (1980).

The trial court admitted defendant's wife's testimony concerning defendant's communications to her based upon the exception in the statute for criminal prosecutions for crimes committed against the children of either spouse. The trial court's decision was based upon *People v Clarke,* 366 Mich 209, 214; 114 NW2d 338 (1962), wherein the Supreme Court stated:

> As a matter of public policy, it is clear the statute was designed to protect communications between husband and wife during marriage. The exception was designed to permit prosecution for crimes committed within the family unit. Such crimes normally would have no other witnesses and would go unpunished in the event the exception in the statute were not permitted to operate.

However, the *Clarke* Court was referring to the spousal privilege portion of the statute, not the confidential communication privilege portion. In *People v Salisbury,* 218 Mich 529, 532-33; 188 NW 340 (1922), our Supreme Court explained the purpose of the confidential communication privilege:

> The exclusion of such communications when made in confidence between persons occupying the intimate relation of husband and wife is predicated on the necessity of fostering such relation and the greater injury likely to result from per-

mitting their disclosure than the benefit to be gained thereby. Confidence and secrecy are presumed to have been intended in such marital communications and the statute absolutely prohibits their divulgence by either of the parties as witnesses "without the consent of both."

In *Salisbury,* the prosecutor sought to introduce upon cross-examination of defendant evidence of a statement that defendant made to his wife wherein he admitted the act of sexual indecency upon his daughter. The Supreme Court found the admission of the statement to be in contravention of the husband-wife confidential communication privilege and reversed defendant's conviction. *Salisbury, supra,* 532-533.

Likewise, the admission of defendant's wife's statements in the instant case is in contravention of the confidential communication privilege. The people argue that the privilege should not be applied in this case because defendant and his wife were in the process of getting a divorce at the time of the trial. Thus, the policy of fostering marital harmony is not advanced by application of the privilege. However, the statute makes no exception for divorced or separated couples. In fact, the statute specifically states: "during the marriage or afterwards." The statute is clear and unambiguous in stating that a spouse may not divulge communications made to the other spouse during the marriage. Thus, the trial court erred in admitting defendant's wife's testimony. The error was not harmless, as the case, like many sexual assault cases, involved a credibility contest between the victim and defendant. Since the credibility of a witness is always an issue, defendant's wife's testimony tended to improperly bolster the victim's credibility. *People v Gee,* 406 Mich 279, 283; 278 NW2d 304 (1979).

Because we reverse defendant's conviction and remand for a new trial, it is unnecessary to discuss defendant's claim that his sentence was excessive.

Reversed.