## PEOPLE v STUBLI

Docket No. 94168. Submitted April 14, 1987, at Lansing. Decided September 22, 1987.

Dean R. Stubli was convicted of two counts of first-degree criminal sexual conduct involving two complainants following a jury trial in Hillsdale Circuit Court, Harvey W. Moes, J. Defendant was sentenced to a term of from twenty to thirty years imprisonment on each count, to be served concurrently, and he appealed, raising a claim of ineffective assistance of counsel.

The Court of Appeals *held:*

1. Defendant was denied effective assistance of counsel by counsel's failure to object to the testimony of defendant's wife, who testified as a prosecution witness. Both the spousal privilege and the confidential communication privilege apply in this case and the record below did not indicate that defendant had waived either privilege.

2. Counsel's decision regarding whom to call as witnesses and his decision not to sever the two cases were matters of trial strategy and did not constitute ineffective assistance of counsel.

Reversed.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

The standard for determining whether a defendant had effective assistance of counsel in a criminal trial is that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law, and, secondly, counsel must not make a serious mistake but for which the defendant would have a reasonably likely chance of acquittal.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.

A motion for a new trial or for an evidentiary hearing is generally a prerequisite for appellate review of a defendant's claim

REFERENCES

Am Jur 2d, Criminal Law §§ 748 *et seq.*, 984 *et seq.*

Am Jur 2d, Witnesses §§ 148 *et seq.*

Federal courts as following law of forum state with respect to privileged communications. 95 ALR2d 320.

Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR2d 1390.

of ineffective assistance of counsel, unless counsel's alleged error is apparent from the record so as to permit the Court of Appeals to decide the issue; trial counsel is presumed to have provided effective assistance and this presumption can be overcome by the defendant only with a showing of counsel's failure to perform an essential duty, which failure was prejudicial to the defendant.

3. WITNESSES — SPOUSAL PRIVILEGE.

The spousal privilege precludes examination of one spouse as a witness against the other without the permission of the nonwitness spouse, subject to certain exceptions; the privilege can be asserted only while the spouses are legally married and precludes testimony regardless of whether the events at issue occurred before or during the marriage (MCL 600.2162; MSA 27A.2162).

4. WITNESSES — MARITAL COMMUNICATIONS.

A spouse may not be examined, during or after the marriage, as to any communications made by one to the other during the marriage without the consent of both (MCL 600.2162; MSA 27A.2162).

5. CRIMINAL LAW — ASSISTANCE OF COUNSEL — FAILURE TO CALL WITNESSES.

A defendant is entitled to relief because of his counsel's failure to call a witness only where the failure deprives the defendant of a substantial defense.

6. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.

The Court of Appeals does not substitute its judgment for that of trial counsel in matters of trial strategy; thus, a difference of opinion regarding trial tactics may not form the basis of a claim of ineffective assistance of counsel.

*Lineas L. Baze,* for defendant on appeal.

Before: CYNAR, P.J., and SHEPHERD and B. A. JASPER,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of two counts of criminal sexual conduct in the first degree, MCL 750.520b; MSA

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

28.788(2). Defendant was sentenced to a term of from twenty to thirty years imprisonment on each count, to be served concurrently. Defendant appeals as of right. We reverse.

On the evening of June 24, 1985, defendant picked up two twelve-year-old girls, and took them for a ride in his automobile on the pretext that he was escorting them to a party. Defendant drove his car to a cornfield and parked. At this point, the testimony becomes conflicting.

The girls claim that shortly thereafter he engaged in sexual intercourse with one in the vehicle while the other remained outside. Subsequently, the other girl entered the car and defendant placed his finger in her vagina and forced her to perform fellatio on him. Then he took the girls home. Defendant denies that he engaged in any sexual contact with the two girls. Additionally, there was other testimony that the girls may have fabricated the story about what happened at the cornfield.

Defendant raises several issues on appeal, one of which is meritorious and dispositive. He contends that he received ineffective assistance of counsel because counsel failed to object to the testimony of defendant's wife in violation of the marital privilege, his lawyer failed to call three witnesses favorable to his defense, and counsel failed to request severance of the two cases.

In *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977), the Supreme Court established a bifurcated test for ineffective assistance of counsel claims. First, defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law. Second, even though the first test is satisfied, counsel must not make a serious mistake

but for which the defendant would have a reasonably likely chance of acquittal.

Generally, a motion for a new trial or for an evidentiary hearing is a prerequisite for appellate review unless the error is apparent from the record to permit this Court to decide the issue. *People v Juarez,* 158 Mich App 66, 73; 404 NW2d 222 (1987). Trial counsel is presumed to have afforded effective assistance. This presumption can only be overcome by a showing of counsel's failure to perform an essential duty, which failure was prejudicial to the defendant. The burden is on the defendant. *Id.,* p 73; *People v Carr,* 141 Mich App 442; 367 NW2d 407 (1985).

Defendant contends that counsel was ineffective because he did not invoke defendant's marital privilege and prevent his wife from testifying as a witness for the prosecution. We agree.

The marital privilege is codified in MCL 600.2162; MSA 27A.2162, which provides in pertinent part:

> A husband shall not be examined as a witness for or against his wife without her consent; nor a wife for or against her husband without his consent, . . . nor shall either, during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during the marriage . . . .

The statute codified the common-law "spousal privilege" and the "confidential communication privilege." The spousal privilege precludes spousal testimony. The privilege can be asserted only while the spouses are legally married. It precludes all testimony regardless of whether the events at issue occurred before or during the marriage. *People v Love,* 425 Mich 691, 696; 391 NW2d 738 (1986).

The communication privilege applies to confidential communications made within the marital relationship irrespective of the marital status of the parties at the time of trial. *People v Wadkins,* 101 Mich App 272, 282; 300 NW2d 542 (1980); *People v Hamacher,* 150 Mich App 671, 673; 389 NW2d 477 (1986), lv den 426 Mich 867 (1986). This privilege requires the consent of both parties.

Both of the privileges apply in this case. The people argue that defendant waived this privilege. Our review of the *Ginther*[1] hearing record does not support a finding of a waiver of the marital privilege. The record is totally inadequate in providing an explanation as to why defense counsel permitted defendant's wife to testify on behalf of the prosecution. Moreover, even if we conclude that defendant waived this privilege, counsel should never have advised waiver since the wife's testimony was very damaging. She testified that defendant told her he had made a move toward having intercourse with one of the girls by undoing his pants, but then stopped. The jury could conclude that if he told his wife that he went this far, he probably went even further. We see nothing in the record which reflects legitimate trial strategy. Thus, defendant's convictions must be reversed.

As to the other claims of ineffective assistance of counsel, we find no merit.

At the *Ginther* hearing, defense counsel testified that he did not call witnesses Christina Bethel, Stephanie Fox and Robin Baldwin because he determined that two of the three, Bethel and Fox, could not withstand cross-examination, thereby producing more harm than benefit to the defendant.

Defendant argues that these three witnesses

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

would have supported his defense because they would have testified that the victims told them that nothing happened between defendant and the two girls. By not calling these witnesses, defendant argues, he was denied effective assistance of counsel.

The decision to call a witness to testify is a matter of trial strategy. Defendant is entitled to relief only in those instances where counsel's failure to call witnesses deprived defendant of a substantial defense. *People v Wilson,* 159 Mich App 345, 354; 406 NW2d 294 (1987); *People v Simmons,* 140 Mich App 681, 685; 364 NW2d 783 (1985), lv den 422 Mich 963 (1985).

In this instance, we find that defendant received effective assistance of counsel. Counsel called Georgia Mae Bethel who testified that in the presence of herself and her sister, Christina Bethel, one of the victims stated that defendant did not rape her or the other girl. The three witnesses in question would have testified in exactly the same manner. Although their testimony would have bolstered defendant's credibility, defendant was not deprived of a substantial defense since the testimony came in through another witness. Hence, we conclude that there was no error.

Defendant's final claim of ineffective assistance of counsel is based on counsel's failure to sever the two cases. This claim is also without merit. Counsel's decision was based on trial strategy since he believed that trying both cases together would convince the jury that the victims were lying about the incidents. This Court is reluctant to substitute its judgment for that of trial counsel in matters of trial strategy. A difference of opinion regarding trial tactics does not amount to ineffective assistance of counsel. *People v Peery,* 119 Mich App 207, 216; 326 NW2d 451 (1982), lv den

417 Mich 1018 (1983); *People v Robinson,* 154 Mich App 92; 397 NW2d 229 (1986).

We decline to discuss any of defendant's other issues on appeal since we are reversing on the ground of ineffective assistance of counsel.

Reversed.