PEOPLE v REINHARDT

Docket No. 94007. Submitted January 7, 1988, at Lansing. Decided
April 4, 1988. Leave to appeal denied, 430 Mich 873.

George R. Reinhardt was convicted following a jury trial in the
Bay Circuit Court of two counts of first-degree criminal sexual
conduct. The trial court, William J. Caprathe, J., sentenced
defendant to from thirty-five to seventy years imprisonment.
Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in denying
defendant's request for substitution of his assigned counsel.
Defendant was not denied the effective assistance of counsel.

2. Defendant's motion for a directed verdict based on alleged
insufficient evidence of penetration was properly denied. There
was sufficient evidence of penetration.

3. It was not error to admit evidence of defendant's three
prior convictions. Even if such was error, it was harmless since
there was overwhelming evidence of defendant's guilt.

4. The trial court did not err in departing from the sentenc-
ing guidelines in imposing the sentence. The court's departure
reasons were sufficient and were supported by the record. The
sentence does not shock the collective judicial conscience of the
Court of Appeals.

Affirmed.

1. CRIMINAL LAW — ATTORNEY AND CLIENT — INDIGENT DEFENDANTS
— SUBSTITUTION OF ASSIGNED COUNSEL.

The decision regarding substitution of assigned counsel for an
indigent defendant is within the sound discretion of the trial

REFERENCES
Am Jur 2d, Attorneys at Law §§ 178, 243, 244,.
Am Jur 2d, Criminal Law §§ 525 *et seq.*; 732 *et seq.*; 967 *et seq.*
Am Jur 2d, Evidence §§ 493 *et seq.*; 1094 *et seq.*
Am Jur 2d, Rape §§ 3, 68.
Adequacy of defense counsel's representation of criminal client
regarding prior convictions. 14 ALR4th 227.
Right to impeach credibility of accused by showing prior conviction,
as affected by remoteness in time of prior offense. 67 ALR3d 824.

court and will not be upset on appeal absent a showing of an abuse of that discretion.

2. CRIMINAL LAW — ATTORNEY AND CLIENT — INDIGENT DEFENDANTS — SUBSTITUTION OF ASSIGNED COUNSEL.

A trial court, in deciding an indigent defendant's request for the substitution of assigned counsel, should elicit testimony from the attorney and the defendant in order to assess any issues of fact; a full adversary proceeding, with counsel representing both the attorney and the defendant, is not required.

3. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUNSEL.

A claim of ineffective assistance of counsel based on counsel's failure to object or make motions that could not have affected the defendant's chances for acquittal is without merit.

4. CRIMINAL LAW — WITNESSES — ASSISTANCE OF COUNSEL.

The decision to call a witness to testify is a matter of trial strategy; a defendant is entitled to relief only in those instances where counsel's failure to call witnesses deprived defendant of a substantial defense.

5. EVIDENCE — HEARSAY — APPEAL.

The erroneous admission of hearsay testimony is harmless error where the same facts are shown by other competent evidence.

6. RAPE — EVIDENCE — EXPERT TESTIMONY — CHILD VICTIMS.

An expert may not render an opinion or assessment as to a complainant's veracity in a sexual misconduct case; expert testimony is permissible on the profile of a sexually abused child in a case where such abuse is alleged.

7. RAPE — EVIDENCE — PENETRATION.

The testimony of the complainant that the defendant engaged in sexual penetration is sufficient evidence in a trial for first-degree criminal sexual conduct from which a jury can infer that penetration took place (MCL 750.520b[1]; MSA 28.788[2][1]).

8. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.

Evidence of prior convictions of crimes having an element of dishonesty or false statement automatically should be admitted for the purpose of attacking the credibility of a witness; evidence of prior convictions of crimes having an element of theft and punishable by more than one year imprisonment may be admitted at the discretion of the trial court after an examination of the degree of probativeness and prejudice inherent in its

admission; evidence of prior convictions of crimes not having an element of theft and not containing elements of dishonesty or false statement should never be admitted (MRE 609).

9. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.

A trial court, in exercising its discretion in determining the admissibility of evidence of a witness' prior conviction of a theft crime punishable by more than one year's imprisonment, should examine the degree of probativeness and prejudice inherent in its admission; in determining probativeness, the judge must engage in an objective analysis of the degree to which the crime is indicative of veracity while considering the age of the conviction, not either party's need for the evidence; in evaluating prejudice, only the similarity to the charged offense and the importance of the defendant's testimony to the decisional process, if the witness is the defendant, should be considered; if the probative nature of the evidence does not outweigh its prejudicial effect, it must be excluded (MRE 609).

10. CRIMINAL LAW — SENTENCING GUIDELINES — DEPARTURE FROM GUIDELINES.

Sentencing courts may, in their discretion, go outside the sentencing guidelines where, due to special circumstances or characteristics of the defendant, justice requires a sentence different than the one suggested.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for defendant on appeal.

Before: CYNAR, P.J., and BEASLEY and K. B. GLASER,* JJ.

CYNAR, P.J. Following a jury trial, on March 27, 1986, defendant was found guilty of two counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Defendant was sentenced

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to a prison term of from thirty-five to seventy years. He appeals as of right. We affirm.

The charges against defendant stemmed out of the alleged sexual abuse of the eight-year-old complainant in February or March, 1985. The complainant's mother, Vivian, was alleged to have aided defendant in the commission of these two offenses. Defendant's theory of the case was that Gary, the complainant's father, pressured the complainant and her younger sister to fabricate the allegations against defendant in order to break up defendant's ongoing affair with his wife, Vivian.

Prior to the commencement of trial, defendant requested that his appointed counsel, George Bush, move to withdraw as counsel. At the hearing on the motion, defendant expressed his dissatisfaction with counsel's performance at the preliminary examination. Defendant did not request substitute counsel but sought to proceed pro se. Following a lengthy caution from the trial judge regarding the need for an attorney in this matter, the judge granted the motion.

Defendant appeared pro se at the pretrial hearing. The trial judge advised defendant that, should he change his mind and request appointed counsel, the judge would reappoint attorney Bush. Defendant stated that he did not want Bush to represent him and the case was set for trial.

On February 10, 1986, defendant appeared before the court to request that another attorney be appointed. The trial judge reappointed Bush.

The trial commenced on March 25, 1986. Department of Social Services foster care worker Kim Bejcek testified that she interviewed the complainant and her younger sister in March or April, 1985, in connection with allegations of sexual abuse. The complainant displayed behavior typical of a sexually abused child in that she appeared

afraid, nervous, fidgety and constantly wrung her hands. Both girls were "extremely frightened" of defendant and were very distant and hostile towards their mother.

Patricia Reiss, a DSS protective services worker, testified that she interviewed the complainant with the use of anatomically correct dolls. The complainant was nervous, fearful and embarrassed; behavior typical of a sexually abused child.

The complainant's testimony revealed that defendant engaged in sexual intercourse with her. Defendant also touched her in the genital area with his hands. She stated that something "yellow" came out of defendant's penis. The complainant's mother assisted defendant in these acts by spreading the girl's legs apart. The complainant stated that these acts occurred more than one time.

The complainant's sister stated that she saw defendant touch the complainant in her "private place" with his hands. Their mother, Vivian, assisted defendant by spreading the girl's legs apart.

Lynn Butterfield, a family counselor at the Bay City Lutheran Child and Family Services, testified to seeing the complainant and her sister on a biweekly basis. She specialized in counseling sexually abused children. Such children are incapable of giving precise dates and sequence of events.

Psychologist Laura Patterson testified that she counsels sexually abused children. In order to determine whether the information of sexual abuse is coming from the child, she looks for common feelings or characteristics that a child may display. Most sexually abused girls feel guilty, angry and blame themselves. Patterson indicated that she gave the complainant a commonly used intelligence test, the Wechsler Intelligence Test. Over defense objection, and based on the test

results, Patterson testified regarding the complainant's memory skills and indicated that she would have no problem recalling and discussing recent traumatic events.

At the conclusion of the prosecutor's proofs, defendant moved for a directed verdict alleging that the prosecutor had failed to prove penetration. The motion was denied. Defendant also moved to suppress evidence of his prior criminal record. The court denied the motion and ruled that defendant could be impeached with evidence of three prior misdemeanor convictions.

Gary, the complainant's father, testified for the defense. He admitted telling the complainant to make up allegations and tell her mother that defendant was touching her and her sister in order to stop defendant's ongoing affair with Vivian.

Defendant took the stand and denied the charges against him. The prosecution impeached defendant with evidence of his three prior convictions.

Following his convictions, defendant was scheduled for sentencing on April 28, 1986. Sentencing was adjourned in order for the prosecutor to present evidence that defendant had sexually abused the complainant's sister. On April 30, 1986, the younger sister revealed that defendant had touched her "private place" with his hands. Subsequently, defendant was sentenced. He now appeals raising five issues.

First, defendant argues that he is entitled to a new trial because the trial judge refused defendant's request for substitute counsel.

In *People v Ginther,* 390 Mich 436, 441-442; 212 NW2d 922 (1973), our Supreme Court set forth the standard for determining the circumstances under which an indigent defendant may be entitled to substitution of assigned counsel:

> An indigent defendant, entitled to the appointment of a lawyer at public expense, is not entitled to choose his lawyer. He may, however, become entitled to have his assigned lawyer replaced upon a showing of adequate cause for a change in lawyers.
>
> When a defendant asserts that his assigned lawyer is not adequate or diligent or asserts, as here, that his lawyer is disinterested, the judge should hear his claim and, if there is a factual dispute, take testimony and state his findings and conclusion.
>
> A judge's failure to explore a defendant's claim that his assigned lawyer should be replaced does not necessarily require that a conviction following such error be set aside.

The trial court should elicit testimony from the attorney and defendant in order to assess any issues of fact. A full adversary proceeding, with counsel representing both the attorney and the defendant, is not required. *People v Ceteways,* 156 Mich App 108, 119; 401 NW2d 327 (1986). The decision regarding substitution is within the sound discretion of the trial court and will not be upset on appeal absent a showing of abuse of that discretion. *People v Morgan,* 144 Mich App 399, 401; 375 NW2d 757 (1985).

In this case, defendant argues that the trial judge abused his discretion by denying defendant's request for substitute counsel without properly inquiring into defendant's complaint. We disagree. A hearing was held on defense counsel's motion to withdraw. At this hearing, counsel indicated that the motion to withdraw was based on defendant's dissatisfaction with counsel's representation at the preliminary examination. In addition, defendant wanted to proceed pro se. Afterwards, defendant requested the appointment of another attorney.

The trial court reappointed Bush because the trial judge found no reason why Bush could not adequately represent defendant. We believe that the testimony elicited at the initial hearing was sufficient to ensure that defendant would be competently represented at trial. The trial judge not only questioned the attorney, but also questioned defendant regarding why he did not want appointed counsel to continue representing him. As we indicated earlier, an adversary hearing was not required. *Ceteways, supra.* Thus, defendant has not established error.

Next, defendant alleges several mistakes by defense counsel indicating that defendant was deprived of the effective assistance of counsel. In *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977), the Supreme Court established a bifurcated test for ineffective assistance of counsel claims. First, counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law. Second, even though the first test is satisfied, counsel must not make a serious mistake but for which the defendant would have a reasonably likely chance of acquittal.

Generally, a motion for a new trial or for an evidentiary hearing is a prerequisite for appellate review unless the error is apparent from the record so as to permit this Court to decide the issue. *People v Stubli,* 163 Mich App 376, 379; 413 NW2d 804 (1987). Trial counsel is presumed to have afforded effective assistance. This presumption can only be overcome by a showing of counsel's failure to perform an essential duty, which failure was prejudicial to the defendant. The burden is on defendant. *Id.; People v Carr,* 141 Mich App 442; 367 NW2d 407 (1985). In this case, although defendant did not move for a new trial or for an

evidentiary hearing, the record is sufficient to enable us to review his claims.

### (A) COUNSEL'S FAILURE TO OBJECT TO THE REBUTTAL TESTIMONY

Defendant contends that defense counsel failed to object to improper rebuttal testimony used to impeach defendant's key witness, the complainant's father. The father testified to telling the complainant and her sister to make up accusations of sexual abuse against defendant in order to break up defendant's affair with the girls' mother. On cross-examination, Gary denied speaking with his brother Douglas and his sister-in-law Donna regarding this incident. In rebuttal, the prosecutor called Douglas and Donna, both of whom testified to the effect that Gary did discuss this matter with them and that Gary told them that defendant liked playing with the complainant's "private place." There was no objection by defense counsel to the rebuttal testimony. In the absence of an objection, this Court will not review the issue unless there is manifest injustice. *People v Amos,* 163 Mich App 50, 53; 414 NW2d 147 (1987). We do not see any manifest injustice. However, we will briefly review this claim.

It should be noted that a claim of ineffective assistance of counsel based on counsel's failure to object or make motions that could not have affected defendant's chances for acquittal is without merit. *People v Chinn,* 141 Mich App 92, 98; 366 NW2d 83 (1985). The decision to admit evidence in rebuttal rests within the trial court's discretion. *People v Hubbard,* 159 Mich App 321, 327; 406 NW2d 287 (1987). The rule regarding rebuttal evidence was stated in *People v Utter,* 217 Mich 74, 83; 185 NW 830 (1921):

Rebuttal evidence is broadly defined as that given by one party to contradict, repel, explain or disprove evidence produced by the other party and tending directly to weaken or impeach the same. In practical application the line of demarcation between rebuttal evidence and that which should properly be given in chief before the prosecution rests is frequently more or less obscure, and it is a general rule that whether evidence which could have been offered before resting may be given in rebuttal is a matter within the discretion of the trial court.

In this case, the rebuttal evidence offered through the testimony of Douglas and Donna was proper. It contradicted defendant's evidence since Gary denied that he had discussed this matter with his brother and sister-in-law. Thus, counsel's failure to object was not a serious mistake.

(B) COUNSEL'S REFUSAL TO CALL FIVE SUBPOENAED WITNESSES TO REHABILITATE THE IMPEACHED TESTIMONY OF THE COMPLAINANT'S FATHER, A DEFENSE WITNESS

In this claim of ineffective assistance of counsel, defendant alleges that, once Gary's testimony had been impeached, defense counsel could have called surrebuttal witnesses in order to rehabilitate that testimony. These witnesses were expected to testify that Gary told them that he had told his daughters to fabricate the charges against defendant. At the initial sentencing hearing on April 30, 1986, defense counsel made the following comments regarding those witnesses:

*Mr. Bush:* The reason I subpoenaed the witnesses that I just named, other than Gary . . ., were that, in talking to them, I understood them,

each of 'em, to be willing to testify that Gary . . . had made a statement in their presence that he had told the girls in this case [the complainant and her sister] . . . what to say. I mean, to bring these allegations up, and tell the authorities falsely that—that Mr. Reinhardt had committed acts of criminal sexual conduct in the first degree on 'em.

I subpoenaed [Gary] and produced him here in court, and it's—as—as it's my recollection of his testimony, that he admitted makin' those statements. In fact, he made the same statement in open court. And that, therefore, the—the testimony of these other witnesses would—first of all, if it were admissible at that point, it would a [sic] been cumulative; secondly, I doubt that it was admissible 'cause it wouldn't have impeached anything and it would a [sic] been hearsay. So I didn't have—see any reason at that time to produce 'em. And I talked to Mr. Reinhardt about it, and he didn't see any reason at that time either.

The decision to call a witness to testify is a matter of trial strategy. Defendant is entitled to relief only in those instances where counsel's failure to call witnesses deprived defendant of a substantial defense. *Stubli, supra,* p 381; *People v Wilson,* 159 Mich App 345, 354; 406 NW2d 294 (1987). In this case, the decision not to call these witnesses, as explained by defense counsel, was premised on his strategic decision that the testimony would have been cumulative and constituted hearsay. While the latter impression was not correct, since a witness who has been impeached by a prior inconsistent statement may be rehabilitated by a prior consistent statement, *Brown v Pointer,* 390 Mich 346, 351-352; 212 NW2d 201 (1973), we cannot conclude that counsel rendered ineffective assistance. In point of fact, defendant agreed with counsel's decision. A difference of opinion regard-

ing trial tactics does not amount to ineffective assistance of counsel. *Stubli, supra,* p 381.

(C) COUNSEL'S FAILURE TO IMPEACH THE COMPLAIN-ANT WITH A PRIOR INCONSISTENT STATEMENT

At trial, the complainant testified that her mother assisted defendant in the sexual assault. At the preliminary examination, the complainant stated that she was alone with defendant during the assault and that her mother was in the kitchen at the time. However, the child also stated at the preliminary examination that her mother had assisted defendant in these acts. Counsel's decision was based on trial strategy since the child also testified that these assaults occurred more than once. Thus, we cannot conclude that counsel rendered ineffective assistance.

(D) COUNSEL'S FAILURE TO OBJECT TO IMPROPER HEARSAY TESTIMONY

In this claim defendant alleges that, through a series of prosecution witnesses, the trial was filled with hearsay statements of the complainant. First of all, defendant points to the testimony of Kim Bejcek. He states that Bejcek repeated statements that the complainant had made during her interview with the child. In addition, defendant claims that Patricia Reiss also testified to out-of-court statements of the complainant involving allegations of sexual misconduct by defendant. Finally, defendant alleges that the complainant's foster mother, Sandy Henkins, testified to hearsay statements by complainant which indicated fear and dislike of defendant and her mother.

Hearsay is defined as an out of court statement offered in evidence to prove the truth of the mat-

ter asserted. MRE 801(c). In this case, we find that the testimony of these witnesses did not constitute hearsay since it primarily consisted of a description of the child's behavior during the interview. Even if we construe some of the testimony as constituting hearsay, counsel's decision not to object was probably influenced by certain strategic factors such as the opportunity to cross-examine the witness who made the statement and the jury's reaction to an objection. Moreover, even though this testimony may have been admitted erroneously, the error was harmless since the complainant testified as to her great fear and dislike of both defendant and her mother. The erroneous admission of hearsay testimony is harmless error where the same facts are shown by other competent testimony. *People v Miller,* 165 Mich App 32, 50; 418 NW2d 668 (1987).

(E) COUNSEL'S FAILURE TO OBJECT TO USE OF EXPERT TESTIMONY TO VOUCH FOR THE COMPLAINANT'S CREDIBILITY

In this final claim of ineffective assistance of counsel, defendant alleges a serious mistake by counsel due to his failure to object to the testimony of Kim Bejcek, Patricia Reiss and Lynn Butterfield. These witnesses testified that the complainant's conduct was "typical" of that of a sexually abused child. Defendant argues that this description of the complainant was offered as a means of vouching for her credibility. We disagree.

It is well established that an expert may not render an opinion or assessment as to a complainant's veracity in a sexual misconduct case. *People v Smith,* 425 Mich 98, 112-113; 387 NW2d 814 (1986); *People v McGillen #2,* 392 Mich 278, 285; 220 NW2d 689 (1974); *People v Izzo,* 90 Mich App

727, 730; 282 NW2d 10 (1979), lv den 407 Mich 935 (1979). While expert testimony is prohibited regarding a complainant's veracity, expert testimony is permissible on the profile of a sexually abused child. *People v Beckley,* 161 Mich App 120, 129; 409 NW2d 759 (1987). In *People v Draper,* 150 Mich App 481, 487-488; 389 NW2d 89 (1986), this Court stated:

> Our review of the record in this case convinces us that the trial court did not abuse its discretion in admitting expert testimony on the matter of what indicators are used in the field of psychology to determine whether a child has been sexually abused. Both witnesses were questioned extensively about their training and experience, which was adequate to qualify them as experts in the field of psychology. Their testimony concerning the characteristics normally found in sexually abused children assisted the jury in understanding the evidence. Also, the practice of psychology is a field where knowledge belongs more to experts than to the common man. The challenged expert witness testimony was therefore properly admitted under MRE 702. *Cook v City of Detroit,* 125 Mich App 724, 735; 337 NW2d 277 (1983).

In this case, we also find no error. Although Kim Bejcek, Patricia Reiss and Lynn Butterfield were not qualified as experts, they presented expert qualifications to the jury. Their testimony concerning the characteristics normally found in sexually abused children assisted the jury in understanding the evidence. Thus, we find no error.

Next, defendant alleges that his motion for a directed verdict should have been granted because there was insufficient evidence from which a reasonable person could infer penetration beyond a reasonable doubt.

In reviewing a claim alleging wrongful denial of

a directed verdict motion, we view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980); *People v Marks,* 155 Mich App 203, 219; 399 NW2d 469 (1986). Sexual penetration is an element of the offense of first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1). The testimony of a complainant that the defendant engaged in sexual penetration is sufficient evidence from which a jury could infer that penetration took place. *People v Robideau,* 94 Mich App 663, 674; 289 NW2d 846 (1980), aff'd 419 Mich 458; 355 NW2d 592 (1984).

In this case, there was sufficient evidence of penetration. The complainant and her sister testified to seeing defendant make physical contact with the complainant's genital area. Further, the complainant stated that defendant's penis and hand made contact with her genital area both on the outside and the inside. This evidence was sufficient and the trial court properly denied defendant's motion.

Defendant also claims an abuse of discretion by the trial judge when he permitted the prosecutor to impeach defendant with evidence of three prior convictions. Recently, in *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988), the Supreme Court resolved the different interpretations of the application of MRE 609(a) to the practice of impeaching criminal defendants with evidence of prior convictions. In *Allen,* the Court set forth a more specific procedure for the exercise of discretion under the then-present MRE 609(a). In addition, the Court promulgated an amendment to MRE 609(a) to

apply to all cases tried after March 1, 1988.[1] In *Allen,* the Supreme Court adopted the bright-line test for determining whether to allow impeachment by evidence of a prior conviction. Under the bright-line approach, evidence of crimes which contain elements of dishonesty or false statement is automatically admissible without further consideration. The trial judge must determine whether the crime contains an element of theft. If it is not a theft crime, evidence of it should be excluded without further consideration. If it is a theft crime and punishable by more than one year's imprisonment, the trial judge should then exercise discretion in determining its admissibility by examining

---

[1]

Revised MRE 609
Impeachment by evidence of conviction of crime

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross-examination, and

(1) the crime contained an element of dishonesty or false statement, or

(2) the crime contained an element of theft, and

(A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and

(B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

(b) Determining probative value and prejudicial effect. For purposes of the probative value determination required by subrule (a)(2)(B), the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity. If a determination of prejudicial effect is required, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decision process if admitting the evidence causes the defendant to elect not to testify. The court must articulate, on the record, the analysis of each factor.

(c)-(f) [(b)-(e) redesignated but otherwise unchanged.]

429 Mich 614.

the degree of probativeness and prejudice inherent in its admission. In determining probativeness, the judge must engage in an objective analysis of the degree to which the crime is indicative of veracity while considering the age of the conviction, not either party's need for the evidence. In evaluating the prejudice factor, only the similarity to the charged offense and the importance of the defendant's testimony to the decisional process would be considered. If the probative nature of the evidence of the prior conviction does not outweigh its prejudicial effect, it must be excluded. *Allen, supra,* pp 605-606.

For purposes of our case, the clarification of the balancing test portion of the *Allen* opinion will be utilized in determining whether the trial court properly admitted evidence of defendant's three prior convictions.[2]

In this case, defendant's three prior convictions were as follows: (1) a 1979 conviction for insufficient funds check under $50; (2) a 1984 conviction for larceny by conversion under $100; and (3) a 1986 conviction for larceny over $50 and under $200. We believe that evidence of the prior convictions was properly admitted since it was highly probative of defendant's veracity and the convictions were not that old, other than the 1979 conviction. The level of prejudice was minimal since

---

[2] The clarified balancing test was given limited retroactivity as follows:

    1) to the instant cases; 2) all cases pending on initial and direct appeal in which the issue of impeachment by prior conviction under the then-existing MRE 609(a) has been raised and preserved; 3) currently pending appeals in which the appellant's initial brief has not yet been filed, but the issue was raised and preserved in the trial court; and (4) cases in which the issue has been raised and preserved in the trial court, but no first appeal from the original judgment has yet been filed. [*Allen, supra,* p 609.]

these offenses were dissimilar to the charged offense and defendant testified. We believe the highly probative nature of the evidence of these prior convictions outweighed any prejudicial effect. Moreover, even if it was error to admit evidence of the prior convictions, the error was harmless since there was overwhelming evidence of defendant's guilt.

Finally, defendant argues that the trial court erred in departing from the sentencing guidelines in imposing the sentence. We disagree. Under the guidelines departure policy, sentencing courts in their discretion may go outside the guidelines where, due to special circumstances or characteristics of the defendant, justice requires a sentence different than the one suggested. *People v Krauss,* 156 Mich App 514, 517; 402 NW2d 49 (1986).

In this case, the court's departure reasons were sufficient and were supported by the record. This sentence does not shock our collective judicial conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.