PEOPLE v REINHARDT (ON REMAND)

Docket No. 133480. Submitted October 10, 1990, at Lansing. Decided March 19, 1991, at 9:05 A.M. Leave to appeal sought.

George R. Reinhardt was convicted of two counts of first-degree criminal sexual conduct following a jury trial in the Bay Circuit Court, William J. Caprathe, J., and was sentenced to from thirty-five to seventy years' imprisonment. The defendant appealed, and the Court of Appeals affirmed. 167 Mich App 584 (1988). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *People v Beckley,* and its companion case, *People v Badour,* 434 Mich 691 (1990). 436 Mich 866 (1990). On remand the parties were directed to submit briefs on the issues whether the testimony of expert witnesses at trial impermissibly vouched for the credibility of the child victim and whether the sentence was proper.

The Court of Appeals, on remand, *held:*

The testimony of the expert witnesses that the victim's behavior was consistent with that of child sexual abuse victims generally was proper. However, the defendant's sentence exceeded the maximum minimum recommended under the sentencing guidelines, requiring remand for resentencing consistent with the principal of proportionality announced in *People v Milbourn,* 435 Mich 630 (1990).

Affirmed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Debra Gutierrez-McGuire*), for the defendant on appeal.

ON REMAND

Before: CYNAR, P.J., and GILLIS and MICHAEL J. KELLY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and sentenced to a term of thirty-five to seventy years' imprisonment. On appeal, we affirmed. *People v Reinhardt,* 167 Mich App 584; 423 NW2d 275 (1988). However, by order of our Supreme Court, that judgment has been vacated, and this case has been remanded to this Court for reconsideration in light of *People v Beckley,* 434 Mich 691; 456 NW2d 391 (1990), and its companion case, *People v Badour,* regarding whether the testimony of expert witnesses at trial impermissibly vouched for the credibility of the child victim. 436 Mich 866 (1990). Pursuant to our own order, the parties were directed to submit supplemental briefs on that issue, and to include support for reconsideration of defendant's sentence in light of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). After reconsideration, we once again affirm defendant's conviction, but reverse his sentence.

In *Beckley,* a plurality decision, the Supreme Court held that an expert witness may testify that the behavior of the child victim is consistent with that of child sexual abuse victims generally. However, the expert may not testify regarding whether the victim's allegations are truthful, or whether sexual abuse in fact occurred. The lead opinion, written by Justice BRICKLEY, would further limit the admissibility of such testimony to situations where the behavior of the victim is an issue in the case, i.e., where the credibility of the victim has been or would be attacked by the defendant. *Id.,* pp 722, 729-730. The concurring opinion, written by Justice BOYLE, would allow such testimony as substantive evidence whenever the victim's credi-

bility is an issue, rather than only as rebuttal or rehabilitative evidence. *Id.,* p 736.

In this case, the victim's credibility was attacked. The victim's father testified for the defense that he pressured the victim to make up the allegations against defendant in order to break up defendant's affair with the victim's mother. Furthermore, the testimony of the prosecution's three expert witnesses that the victim's behavior was "typical" of that normally found in sexually abused children was entirely appropriate testimony as agreed upon by a majority of the Court in *Beckley.* Consequently, we find no reason to reverse defendant's conviction on the basis of this issue.

With respect to defendant's sentence, however, we reverse. The minimum sentence imposed by the trial court of thirty-five years was fifteen years beyond the maximum minimum recommended under the guidelines. After reexamination of the record at sentencing, we find it appropriate to remand this matter for resentencing consistent with the principle of proportionality announced in *Milbourn.*

In summary, defendant's conviction is affirmed, his sentence is reversed, and we remand for resentencing. We do not retain jurisdiction.