# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSE ELIAS NAZARIO,

Defendant-Appellant.

UNPUBLISHED
June 23, 2016

No. 325898
Oakland Circuit Court
LC No. 2014-251491-FH

Before: TALBOT, C.J., and MURRAY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his conviction, after a jury trial, of domestic violence, third offense, MCL 750.81(4). The trial court sentenced defendant, as a third habitual offender, MCL 769.11, to 3 to 10 years' imprisonment. We affirm.

This case arises from an incident that took place on August 3, 2014. On that night, defendant and his wife, Nichole Nazario, got into an argument at their home. The argument led to a physical altercation in which defendant "grabbed [Nichole] and put [her] up against the wall." Defendant grabbed Nichole around the "upper arms" and "hit [her] nose and [her] face and [her] neck" with a "half closed hand." Defendant also "grabbed [Nichole] around the neck," making it hard for her to breath and threatened to "break [her] face." Defendant then took Nichole's car keys and phone before forcing her to sit on the living room couch. Once defendant was calm, he and Nichole went to sleep. After work the next day, Nichole went to the police department to report the incident. Nichole spoke with Deputy Gilbert Garrett, who took her statement and took photographs of her injuries. Based on Nichole's statement and injuries, Deputy Garrett went to her home and arrested defendant. Defendant was then charged with domestic violence, third offense.

Defendant first argues that the trial court erred by admitting other acts evidence pursuant to MCL 768.27b, as the evidence should have been excluded under MRE 403. We disagree.

"This Court reviews a trial court's decision to admit or exclude evidence for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 93; 732 NW2d 546 (2007). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "A trial court necessarily abuses its discretion when the court permits the introduction of evidence that is inadmissible as a matter of law." *Dobek*, 274 Mich App at 93. Ultimately, "[a]n error in

-1-

the admission or exclusion of evidence will not warrant reversal unless refusal to do so appears inconsistent with substantial justice or affects a substantial right of the opposing party." *Id*.

At trial, the court admitted evidence under MCL 768.27b, over defendant's objections, of the following nine prior acts of domestic violence: 1) in 2000, defendant grabbed a former girlfriend, Beth Reinhardt, by her neck and face and pushed her down, 2) in 2012, defendant hit another former girlfriend, Sarah Rodriguez in the face, 3) in May 2013, defendant took Rodriguez's phone and pushed her against a wall, giving her a black eye, 4) in July 2013, defendant held a knife to Rodriguez's throat, 5) in April 2014, defendant hit Nichole in the face knocking her to the ground, 6) in May 2014, defendant dragged Nichole by her hair and took her phone and keys, 7) in May 2014, defendant shoved Nichole into a closet and struck her, 8) in June 2014, defendant dragged Nichole out of a car and dragged her across a gravel driveway by her hair before slamming her against the hood of his car by the throat, and 9) in June 2014, defendant grabbed Nichole by the throat and held her against a wall until she almost passed out and caused her to go to "the bathroom on [her]self." The trial court determined that this evidence was relevant and admissible, and issued a cautionary instruction about the proper use of the prior acts evidence.

MCL 768.27b provides:

Except as provided in subsection (4) [evidence of act occurring more than 10 years before charged offense], in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

"Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001). Evidence of crimes, wrongs, or other acts is generally inadmissible to show a defendant's propensity to act in conformity with those acts. MRE 404(a); *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998). However, "prior-bad-acts evidence of domestic violence can be admitted at trial because a full and complete picture of a defendant's history tends to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011)(internal quotations omitted).

This Court has indicated that "[t]he statutory language and policy considerations of MCL 768.27b clearly demonstrate the Michigan Legislature's intent to allow prior-bad-acts evidence to be introduced at trial as long as the evidence satisfies the 'more probative than prejudicial' balancing test of MRE 403 . . . ." *Cameron*, 291 Mich App at 610. MRE 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Evidence is unfairly prejudicial when it leads the jury to consider issues extraneous to the merits of the case, such as bias, sympathy, anger, or shock. *Cameron*, 291 Mich App at 611. Evidence is also unfairly prejudicial if it leads to the danger of confusing the issues, misleading the jury, or the presentation of needlessly cumulative evidence. *People v Watkins*, 491 Mich 450, 489; 818 NW2d 296 (2012). Our Supreme Court has identified a list of factors "that may lead a court to exclude" evidence "under MRE 403 as overly prejudicial," including:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488 (footnote omitted).]

However, our Supreme Court has held that "when applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. Similarly, evidence admissible under MCL 768.27b may not be excluded under MRE 403 simply because it allows a jury to draw a propensity inference. See *Cameron*, 291 Mich App at 609-610 (holding that "because of the similarities in the language of MCL 768.27a and 768.27b," the Legislature intended with respect to MCL 768.27b, as with MCL 768.27a, "to allow juries the opportunity to weigh a defendant's behavioral history and view the case's facts in the larger context that the defendant's background affords.")

The other acts involving Nichole fell within the scope of MCL 768.27b, as the described conduct easily falls within the definition of domestic violence. See MCL 768.27b(5)(b). Similarly, the other acts involving Reinhardt and Rodriguez fell within the scope of MCL 768.27b. Additionally, the other acts evidence was relevant to demonstrate intent, assist the jury in determining Nichole's credibility, and as propensity evidence. See *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011) (finding that the prior acts of domestic violence were relevant as they provided information to assist the jury in assessing the victim's credibility); *People v Railer*, 288 Mich App 213, 219-220; 792 NW2d 776 (2010) (finding that the previous acts of domestic violence were relevant to show the defendant's propensity to commit the instant act of domestic violence). Defendant concedes that this evidence was "relevant per MCL 768.27b," but argues that the evidence should have been excluded under MRE 403 as it was unfairly prejudicial.

Considering the *Watkins* factors, the trial court did not abuse its discretion by admitting the evidence in question. First, any propensity inference arising from the evidence weighed in favor of its admission, not against. See *Watkins*, 491 Mich at 487-488. Further, the similarity between the past acts and the charged conduct weighed in favor of admission and showed defendant's pattern of violence toward romantic partners, and particularly a pattern of grabbing their throats. The other acts of domestic violence also mostly occurred in close temporal proximity to the charged conduct, with eight of the nine bad acts occurring within two years of the charged conduct. Moreover, the prior acts occurred frequently and there is no indication of any intervening acts. Defendant asserts that the incident in July 2013, when defendant held a knife to Rodriguez's throat, was not reliable, as defendant was found not guilty on charges

stemming from that incident. However, defendant does not assert that the other incidents are unreliable, and the evidence of the bad acts was necessary to help the jury determine whether Nichole's version of the events was credible.

There is also no indication that the bad acts evidence was given preemptive weight by the jury. The witnesses' descriptions of the previous acts of domestic violence were brief and, while the nature of the incidents themselves are shocking, none of the other acts were testified to in gruesome detail and the testimony about the bad acts did not seem calculated to arouse the sympathy of the jury or lead to bias. The evidence also could not be considered needlessly cumulative because defendant's defense was to assert that Nichole had fabricated the alleged abuse and the bad acts helped the prosecution establish a pattern of domestic violence in the relationship and in defendant's prior relationships. Moreover, the trial court gave a limiting instruction that the jury must not convict defendant solely because it thought defendant was guilty of other bad conduct for which he was not on trial. This limiting instruction lessened the potential for prejudice because "jurors are presumed to follow their instructions." *People v Mann*, 288 Mich App 114, 118; 792 NW2d 53 (2010). In sum, the trial court did not abuse its discretion by admitting evidence of defendant's prior acts of domestic violence under MCL 768.27b.

However, even if the trial court erred in admitting the bad act evidence, reversal is not warranted. A preserved evidentiary error is not grounds for reversal unless "after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999) (citation and quotation omitted). Here, apart from the other acts evidence, there was sufficient independent evidence establishing defendant's guilt. Specifically, Nichole offered detailed testimony regarding how defendant assaulted her and Deputy Garrett offered testimony that corroborated her description of the events on the night of the offense. In addition, letters that defendant sent Nichole from prison were admitted at trial and included 1) a "reference to [defendant's] temper," 2) a statement from defendant that he would "never forgive [him]self for this one," and, 3) while he claimed he did so in self-defense, an admission from defendant that he "grabbed [Nichole's] arms." In short, the prosecution introduced sufficient independent evidence of defendant's guilt such that defendant cannot show that it is more probable than not that admission of the other acts evidence was outcome determinative. *Lukity*, 460 Mich at 496.

Defendant next argues that trial counsel was ineffective when counsel advised him not to testify at trial. We disagree.

A timely motion for a new trial, which raises the issue of ineffective assistance of counsel, preserves the issue for appellate review. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). Alternatively, to preserve the issue for appeal, a criminal defendant may request a *Ginther* hearing to make a separate factual record supporting the claim of ineffective assistance of counsel. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). In this case, defendant did not move for a new trial or request a *Ginther* hearing below, and as a result, this issue is not preserved. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Generally, the trial court's findings of fact are reviewed for clear error and the questions of constitutional law are reviewed de novo. *Id*. Unpreserved claims of ineffective

assistance of counsel can still be reviewed, but review is limited to errors apparent in the record below. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

The United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 US at 694.

Effective assistance of counsel is presumed, and the defendant bears a substantial burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). A defendant can overcome the presumption by showing that counsel failed to perform an essential duty and that failure was prejudicial to the defendant. *People v Reinhardt*, 167 Mich App 584, 591; 423 NW2d 275 (1988), remanded on other grounds by 436 Mich 866 (1990). Counsel's strategic judgments are afforded deference. *Wiggins v Smith*, 539 US 510, 521-522, 528; 123 S Ct 2527; 156 L Ed 2d 471 (2003).

Both the United States Constitution and the Michigan Constitution provide defendants the right to testify at trial. US Const, Am XIV; Const 1963, art 1, §§ 17, 20. But "[a]lthough counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). If a defendant intentionally relinquishes or abandons the right to testify, the right will be deemed waived. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000).

Defendant's unsigned affidavit is the only evidence he provides to support his contention that defense counsel provided ineffective assistance by advising him not to testify at trial. However, because defendant did not make a record in the trial court about this in connection with a motion for a new trial or an evidentiary hearing the affidavit is not a part of the lower court record. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). This Court's review is limited to the facts contained on the record, and thus, this affidavit cannot properly be considered. See *People v Watkins*, 247 Mich App 14, 31; 634 NW2d 370 (2001), aff'd but criticized on other grounds by 468 Mich 233 (2003) (refusing to consider the defendant's affidavit in support of an ineffective assistance of counsel claim because it was not part of the lower court record).

Even if defendant's affidavit could be considered, defendant has failed to overcome the presumption that his counsel's advice not to testify was trial strategy. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Defendant asserts in his affidavit that he would have testified that he never hit Nichole had defense counsel not advised him otherwise.

Additionally, at trial, defense counsel stated that he had advised defendant not to testify.[1] However, the decision whether to call witnesses is a matter of trial strategy, *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009), and advising defendant not to testify was sound trial strategy as there are numerous possible reasons why counsel might have believed defendant should not take the stand. For example, counsel might have believed that defendant would have been an unbelievable witness or unable to handle cross-examination. Instead of subjecting defendant to cross-examination and likely impeachment, defense counsel advanced the theory that defendant did not commit the crimes by attempting to impeach Nichole's credibility and cast doubt on the veracity of the prior incidents of domestic violence during cross-examination and closing arguments. Thus, although defense counsel's advice did not lead to defendant's acquittal, it was, nevertheless, sound trial strategy and did not constitute ineffective assistance of counsel. See *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991) (finding the defendant did not overcome the presumption that defense counsel's advice to the defendant not to testify on his own behalf was sound trial strategy even where defense counsel "fail[ed] to present any defense.").

Last, defendant argues that he is entitled to resentencing because the record was insufficient to amount to the preponderance of evidence necessary to support the scoring of Offense Variable (OV) 4. We disagree.

Under the sentencing guidelines, the trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438-439; 835 NW2d 340 (2013). Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which is reviewed de novo. *Id*.

"MCL 769.34(10) makes clear that the Legislature intended to have defendants sentenced according to accurately scored guidelines and in reliance on accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). Moreover, our Supreme Court has held that "a sentence is invalid if it is based on inaccurate information." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). Thus, "a defendant is entitled to resentencing when the trial court erred in scoring an offense variable, and the error affected the statutory sentencing guidelines range." *People v Jackson*, 487 Mich 783, 793; 790 NW2d 340 (2010).

The trial court assessed 10 points under OV 4. OV 4 covers psychological injury and 10 points is appropriate if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). In considering what constitutes serious psychological injury, this Court has recognized that 10 points may be scored under OV 4 "if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). "In making this determination, the fact that treatment has not been sought is not conclusive." MCL

---

[1] In his opening statement defense counsel stated that "I'm going to tell you now that [defendant]'s not likely to testify. And he has every right not to. He has every right to sit there and zip it like I tell him to, and not say a word."

777.34(2). Zero points are assessed when "[n]o serious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(b). If zero points should have been assessed under OV 4, instead of 10 points, it would result in altering defendant's minimum sentence guidelines range from 19 to 57 months to 14 to 43 months, thereby requiring resentencing. MCL 777.21(3)(a); *Francisco*, 474 Mich at 89-91.

At trial, Nichole testified that she had suffered previous abuse from defendant and that she felt "scared and terrified" during the assault at issue. Additionally, Deputy Garrett testified that the day after the assault Nichole still seemed "very shaken up, very concerned, nervous . . . [and] apprehensious (sic) about making the report." Deputy Garrett also testified that Nichole "had some concerns about her husband finding out [she had gone to the police]" and that "there had been some previous abuse." Additionally, in the Agent's Description of the Offense in defendant's Presentence Investigation Report (PSIR), the agent states that, "Nichole was in fear for her life." As a result, the record demonstrates that Nichole was not only fearful during the charged conduct, but that her fear extended beyond the day of the assault. However, Nichole never testified regarding whether she suffered from residual psychological effects from the incident and Nichole did not provide a victim's impact statement that detailed any lasting psychological effect of the assault. While a close question because there is nothing in the record to determine if the crime had any long-term psychological effect on Nichole, a preponderance of the evidence supported the assessment of 10 points under OV 4. See *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012) (finding the trial court properly assessed 10 points for OV 4 where the victim made statements about feeling angry, hurt, violated, and frightened); *People v Apgar*, 264 Mich App 321, 329; 690 NW2d 312 (2004) (finding where the "victim testified that she was fearful during the encounter with defendant, . . . the evidence presented was sufficient to support the trial court's decision to score OV 4 at ten points.").

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Deborah A. Servitto