# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD ANTHONY STRONG,

Defendant-Appellant.

UNPUBLISHED
April 12, 2016

No. 315080
Ingham County Circuit Court
LC No. 12-000403-FC

Before: STEPHENS, P.J., and HOEKSTRA and METER, JJ.

PER CURIAM.

Defendant appeals by right of his convictions, following a jury trial, of first-degree murder, MCL 750.316(C); possession of a firearm by a felon, MCL 750.224(F); and possession of a firearm with intent to commit a firearm (felony firearm), MCL 750.227. We affirm.

## I. BACKGROUND

This conviction arises out of the shooting and death of Ygnacio Bermudez Jr. (the victim) outside of the Loft nightclub (the bar) in Lansing, Michigan. The crucial issue at trial was the correct identity of the shooter. An altercation occurred between the victim and defendant at a bar. When the victim later left the bar, he was shot multiple times outside the bar by a man, identified by witnesses as defendant, and died at the scene. The prosecution presented testimony of multiple witnesses who identified defendant as the shooter. Evidence was also introduced concerning the defendant's access to a handgun and cartridges of the type used in the shooting. Other testimony was presented concerning defendant and Pierce's flight to North Carolina, and defendant's attempt to hide himself by posing as Pierce's ex-husband. Defendant was apprehended while living with Pierce in North Carolina.

## II. INEFFECTIVE ASSISTANCE

Defendant raises a number of claims of ineffective assistance of counsel. We remanded this case to the trial court for an evidentiary hearing to address defendant's ineffective assistance claims.[1] The trial court held the evidentiary hearing and found that defendant's trial counsel was effective. After a review of the hearing transcript, we agree.

---

[1] *People v Strong*, unpublished order of the Court of Appeals, entered June 3, 2014 (Docket No. 315080).

-1-

In order to support a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In order for a defendant to show deficient performance, a defendant must show that counsel's performance was outside the wide range of professionally competent assistance as secured under the Sixth Amendment of the United States Constitution. *Id*. at 689. To satisfy the prejudice prong, a defendant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different. *Id.* at 693-694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. In reviewing this issue, defense counsel is afforded wide latitude on matters of trial strategy. *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). If a defendant wishes to advance claims that depend on facts not on the record, a defendant can seek at the trial court an evidentiary hearing to establish evidence on the record that is a precondition for the process of the appellate courts. *Ginther*, 390 Mich at 443-444.

Defendant first faults trial counsel for not properly investigating or calling two witnesses to testify on his behalf. "Failure to make a reasonable investigation can constitute ineffective assistance of counsel." *People v McGhee*, 268 Mich App 600, 626; 709 NW2d 595 (2005). Failure to interview witnesses does not by itself serve to establish inadequate preparation. *People v Caballero*, 184 Mich App 636, 642; 459 NW2d 80 (1990). "It must be shown that the failure resulted in counsel's ignorance of valuable evidence which would have substantially benefited the accused." *Id*. "[D]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy . . . [and] . . . the failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004) (internal citations omitted). "A difference of opinion regarding trial tactics does not amount to ineffective assistance of counsel." *People v Stubli*, 163 Mich App 376, 381; 413 NW2d 804 (1987).

Defendant cannot show that counsel was unreasonable in his investigation of the case, or the decision to call or question witnesses. Defendant wanted Bryant Easter, a person who provided a statement to the police at the scene to be called as a witness for identification because Easter told law enforcement that he saw someone in a black pea coat run away from the scene right after the shooting. At the evidentiary hearing, defendant's trial counsel testified to his reasons for not calling Easter. He explained that outside of the pea coat, Easter provided law enforcement with an otherwise close physical and clothing description to that of his client. Trial counsel did not want to risk Easter positively identifying defendant in court, nor providing the additional testimony that defendant fled the scene. Therefore, the decision not to call Easter was strategic and would not have advanced defendant's mistaken identity defense. Defendant also faults counsel for not interviewing witness Brian French after the preliminary examination, before trial begun. French testified at defendant's preliminary examination and trial that he clearly saw defendant exit the bar after the victim and shoot the victim in the back of the head. While trial counsel had little memory of French's testimony and did not recall if he ever interviewed him, the record demonstrates that he had the benefit of the preliminary examination testimony and vigorously cross-examined French at the trial. He, also, argued the inconsistencies in all witness testimony in closing. From this record, defendant cannot establish that not interviewing French in between the preliminary examination and trial was objectively unreasonable or even necessary.

Defendant next argues counsel was ineffective for failing to arrange a polygraph examination when the prosecution stated that it would agree to such an exam. After the evidentiary hearing, it is now more evident that the prosecution was indifferent to, rather than in agreement with defendant taking a polygraph exam. Trial counsel testified that the prosecution told him it would continue to pursue first-degree murder charges even if defendant passed a polygraph. Defendant passing a polygraph exam was also of no consequence when the results are inadmissible. *People v Terry*, 489 Mich 907, 907; 796 NW2d 469 (2011). Trial counsel cannot be faulted for failing to arrange a polygraph examination when an exam would not have had any impact on defendant's case with the prosecution or the jury. Accordingly, we fail to find any outcome-determinative error.

Defendant further claims trial counsel was ineffective for failing to present an alternative substantive defense. We find that differing opinions between counsel and defendant, as to the merit of offering an alternative theory that the victim was shot for being a drug dealer, did not constitute an invalid or unreasonable trial strategy. The choice of which theories to pursue is a matter of professional judgment entrusted to counsel. *People v Traylor*, 245 Mich App 460, 463; 628 NW2d 120 (2001). Nevertheless, defendant was not deprived of an alternative substantive defense because he testified, and therefore the jury heard, that the victim was a known drug dealer. Defendant's alternative theory was the weaker of the two submitted to the jury, with no facts on the record, other than defendant's own testimony, to show the victim was shot as a result of drug dealing or by someone related to the victim's drug dealing. Given the facts, we also find this claim of ineffective assistance to be without merit.

Defendant also failed to prove that counsel was ineffective in advising defendant on his right to testify. The decision whether to testify is ultimately the defendant's personal decision to make and counsel must respect that decision. See *Rock v Arkansas*, 483 US 44, 52; 107 S Ct 2704; 97 L Ed 2d 37 (1987). Here, the record indicates that counsel advised defendant not to testify.

Defendant's assertion that counsel was ineffective due to his failure to address an issue of juror misconduct fails, also. Defendant is unable to show that counsel was unreasonable or that the conduct of trial counsel prejudiced him. To establish that extrinsic influence resulted in an error requiring reversal a defendant must prove two points: (1) that the jury was exposed to extraneous influences and (2) that these extraneous influences created a real and substantial possibility that they could have affected the jury's verdict. *People v Budzyn*, 456 Mich 77, 88-89, 566 NW2d 229 (1997). There is no proof of such exposure. The factual record has not changed since the evidentiary hearing. The witness was subpoenaed for the evidentiary hearing, but did not appear. Defendant no longer had the letter from the witness. Trial counsel did not have the letter in defendant's file. The cell phone, which allegedly recorded the jury foreman's discussions, was either lost or broken. Defendant presents no proof of juror misconduct and has not established that an extrinsic influence affected the jury's verdict.

Defendant also asserts that trial counsel was ineffective for failing to address an issue of witness intimidation involving his ex-wife, Lisa Pierce. This assertion is without support. The trial court acknowledged at the evidentiary hearing that it was aware of Ms. Pierce's fear of the victim's family. However, Ms. Pierce, who was involved in defendant's flight, made an informed decision with advice of counsel not to testify. She invoked her Fifth Amendment rights

at trial and had no recollection of ever mentioning fear or intimidation as a basis for that invocation. It is most probable that it was fear of prosecution and conviction that weighed most heavily in Ms. Pierce's decision not to testify. Defendant himself indicates that she was not present at the scene. Considering her credibility issues, it is highly unlikely that even had she testified, it would have positively affected the outcome of the trial.

Defendant last claims counsel was ineffective due to conflicts of interest on the part of the judge and trial counsel. A party claiming judicial bias has a heavy burden to overcome the presumption of judicial neutrality. *In re Forfeiture of $1,159,420,* 194 Mich App 134, 151; 486 NW2d 326 (1992). The party must prove either actual bias or prejudice. *Cain v Dep't of Corrections,* 451 Mich 470, 503; 548 NW2d 210 (1996). MCR 2.003 governs when a judge must disqualify him or herself for bias and includes when "[t]he judge is biased or prejudiced for or against a party or attorney." MCR 2.003(C)(1)(a).

As to counsel, a defendant has the burden of demonstrating that an actual conflict of interest existed and adversely affected the adequacy of representation. *Cuyler v Sullivan*, 446 US 335, 348-350; 100 S Ct 1708; 64 LEd2d 333 (1980); *People v Smith,* 456 Mich 543, 556-557; 581 NW2d 654 (1998). In order to demonstrate an actual conflict of interest, a defendant has the burden to show that counsel actively represented conflicting interests and that this actual conflict of interest adversely affected counsel's performance. *Smith,* 456 Mich at 557. Prejudice is presumed if an actual conflict of interest exists that adversely impacts the counsel's performance. *Id.* at 556-557.

With respect to the first alleged conflict of interest, defendant personally brought up the question of trial court bias on the fifth day of trial. The trial judge refused to disqualify himself on the ground that his wife was friends with defendant's mother and the trial judge was familiar with his step-father. Defendant fails to show that counsel's failure to bring this matter up before defendant did was either unreasonable or outcome-determinative. The trial judge stated that he did not know defendant, which defendant acknowledged, and was not biased by the acquaintance with defendant's step-father. The trial judge maintained this position at the evidentiary hearing. Trial counsel testified at the evidentiary hearing that he and defendant even discussed how the association may have resulted in a favorable verdict for defendant. Given this, and the fact that the trial judge did not disqualify himself, defendant cannot show that he is entitled to relief on this claim of ineffective assistance.

With respect to the second conflict alleged by defendant, trial counsel testified at the evidentiary hearing that he made defendant aware, before defendant's preliminary examination, that he was previously counsel for one of the prosecution's witnesses in an unrelated criminal case that was dismissed during preliminary examination. Trial counsel testified that his contact with the witness regarding that case lasted about an hour. Despite the disclosure, defendant never asked for a new attorney. The witness hugged defense counsel when she saw him during defendant's trial. Defendant argues the hug evidenced a conflict of interest. This issue was not presented in the record below. In fact, trial counsel testified at the evidentiary hearing that he was not aware that the hug upset defendant until after the jury verdict. The trial and evidentiary hearing records do not show that trial counsel had a personal relationship, or anything to gain from the witness or the victim's family. Defendant fails to offer any evidence as to how the prior dealings adversely effected the representation beyond an acknowledgment that the relationship

exists. We find that defendant has not shown that interest in this case would disqualify counsel from representing defendant. We also note that counsel zealously represented defendant. Defendant is not entitled to relief on this issue.

Moreover, counsel's representation overall indicates that he provided effective assistance. He argued that the prosecution could not establish the shooter's identity beyond a reasonable doubt, that the police did an incomplete investigation of suspects, that there were no fingerprints or gunshot residue to show defendant as the shooter, that another man may have been the shooter, that the gun and ammunition used was common, and that defendant had proffered an alibi. Furthermore, the evidence against defendant was considerable, including eyewitness identifications, ballistic evidence linking defendant to the type of gun used in the shooting, and defendant's actions in fleeing the scene and state.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Joel P. Hoekstra
/s/ Patrick M. Meter